SARAH A. THOMAS, by Guardian, etc., Respondent, *v.* MARY E. THOMAS, Impleaded, etc., Appellant.

By a certificate of membership, issued by an assessment insurance company, insuring the life of T., who was then unmarried, the amount insured was made payable to his daughter, the plaintiff, in accordance with the directions in the application for membership. T. thereafter married the defendant M., and without the knowledge of the company, inserted in the certificate, after the name of his daughter, the words "and my wife Mary," thus seeking to make her a joint beneficiary, and then delivered the certificate to his wife. In an action brought by plaintiff to compel M. to deliver up the certificate, it appeared that under the by-laws of the company each member was required to enter in his application the name of the proposed beneficiary, " subject, however, to such future disposal of the benefit as the member may direct;" in case of a change, the member to surrender his certificate and receive another containing the name of the new beneficiary. *Held,* that there was no valid change in the beneficiary named in the application; and that plaintiff was entitled to the entire fund.

Also *held,* that the case was not one where equity could interfere to remedy a defective execution of a power.

*It seems* that had the original certificate been surrendered and had the company in the life-time of T. assented to the change, the omission of any subsequent step might have been supplied.

*Luhrs* v. *Luhrs* (123 N. Y. 367), distinguished.

Reported below, 60 Hun, 382.

(Argued February 3, 1892; decided February 12, 1892.)

APPEAL from judgment of the General Term of the Supreme Court in the fifth judicial department, entered upon an order made June 2, 1891, which reversed a judgment in favor of the defendant, Mary E. Thomas, entered upon a decision of the court on trial at Special Term, and granted a new trial.

The nature of the action and the facts, so far as material, are stated in the opinion.

*A. K. Potter* for appellant. The respondent, who was originally named in the certificate, had no vested right in the relief fund or in the rights secured by the certificate during the life of the assured. (*Wendt* v. *Germania*, 8 N. Y. S. R. 351.) The entire matter of making a change in the beneficiary lies in the hands of the assured. (Bacon on Ben. Soc. § 306.) The act done by the deceased was the only effectual method he could take. (*Luhrs* v. *Luhrs*, 123 N. Y. 367.)

*W. C. Ely* for respondent. In order to effect a change of beneficiary, the then existing rules and by-laws of the order must be observed and followed in making such change, and the order being given power to make and enforce such rules and by-laws, the beneficiary can be changed in no other way than that prescribed therein. (*Ireland* v. *Ireland*, 42 Hun, 214; *Luhrs* v. *Luhrs*, 123 N. Y. 367; *Hellenburg* v. *Dist. No.* 1, 94 id. 580; *Gladding* v. *Gladding*, 29 N. Y. S. R. 485; *Smith* v. *N. B. Soc.*, 22 id. 852; *Renk* v. *Hermann Lodge*, 2 Dem. 409; *Greeno* v. *Greeno*, 23 Hun, 478, 482; *Sanger* v. *Rothschild*, 50 id. 157; 123 N. Y. 577; *Beeckel* v. *Imperial Council*, 33 N. Y. S. R. 434; *Holland* v. *Taylor*, 111 Ind. 127; *Wendt* v. *Legion of Honor*, 72 Ia. 682.) No assignment of the certificate was proved and the deceased member had no interest in certificate that could be assigned to the defendant, Mary E. Thomas. (*Gladding* v. *Gladding*, 29 N. Y. S. R. 486; *Eadie* v. *Slimmon*, 26 N. Y. 9; *Ferdon* v. *Canfield*, 104 id. 143; *Greeno* v. *Greeno*, 23 Hun, 481; Laws of 1883, chap. 175, § 18.) David H. Thomas, at the time of the alleged gift and delivery, was possessed of no such interest

or right as would make the alleged transfer an executed gift. (*Ireland* v. *Ireland*, 42 Hun, 214; *Harris* v. *Clark*, 3 N. Y. 93; 94 id. 580.) The order granting a new trial was proper. (*Ireland* v. *Ireland*, 42 Hun, 214; *Vosburg* v. *Huntington*, 15 Abb. Pr. 254; *McKay* v. *Draper*, 27 N. Y. 260; *Luhrs* v. *Luhrs*, 123 id. 367; *Sanger* v. *Rothschild*, 1d. 577.) The claim of the defendant, Mary E. Thomas, to a share of the relief fund, is no stronger than that of the infant plaintiff, and the fact that she is the wife can in no way affect this action. (*Luhrs* v. *Luhrs*, 123 N. Y. 367.)

MAYNARD, J. This action involves the question of title to a certificate of membership issued by the defendant, the Supreme Council of the Order of Chosen Friends, an Indiana assessment insurance corporation, to David H. Thomas, April 28, 1881, insuring the life of Thomas in the sum of $3,000, to be paid at his death to the plaintiff, Sarah A. Thomas, his only minor child, then living with him, and of the age of about seven years. Thomas was a widower when the certificate was issued, and on June 1, 1882, intermarried with the defendant, Mary E. Thomas. He died January 24, 1887. The certificate, as issued, designated the payee as follows: "Which sum shall, in case of death, be paid to my daughter, Sarah Ann Thomas." A few days after his marriage, without the knowledge of the insurance company, Thomas inserted in the certificate, in a blank space, after the words above quoted, the following: "And my wife Mary Elizabeth Thomas," thus attempting to make her a joint payee and beneficiary thereof with his daughter.

The trial court has found, and upon what appears to be sufficient evidence, that this insertion by him of the name of his wife was in consideration of the marriage and of love and affection, and for the purpose of changing, and with the intent to change, the beneficiary named in the certificate, so that his wife should have an equal part and share with his daughter in its benefits; that he thereupon delivered the certificate to his wife, and that she, for a like consideration and with like pur-

pose and intent, took and received it from him; that Thomas supposed and believed that he had thereby revoked and changed and done everything necessary and proper to be done to effect the revocation and change of the beneficiary originally named in the certificate, and for the substitution in place thereof of his wife as the joint and equal beneficiary with his daughter therein, and had effected such substitution; and that the wife, at the time of the receipt of the certificate, believed, and has always since believed, that no further act or thing was necessary or remained to be done to entitle her to participate in the moneys to be derived from the certificate and in the benefits secured thereby. There was an independent finding that, after the issuing of the certificate to him, Thomas, for a certain good and valuable consideration, and for love and affection, duly transferred to his wife, and gave and delivered to her, the certificate and an equal share with the plaintiff in the benefits to be derived therefrom; but there were no facts, other than those stated above, to support this finding. After the death of the insured, and upon proof thereof made by the plaintiff, the insurance company drew a warrant, payable to her guardian, for the sum of $3,000, but refused to deliver it unless the certificate of membership was surrendered. This certificate the plaintiff was unable to produce, because it was in the possession of Thomas' widow, who declined to give it up unless she was permitted to share equally with the plaintiff in the proceeds of the certificate.

Under the by-laws of the company it could not be compelled to pay the amount of the certificate unless it was produced for surrender and cancellation. The plaintiff, by her guardian, brought this action against the company and Mary E. Thomas for the purpose of compelling her to deliver to plaintiff the certificate and obtaining from the company the amount thereof. The insurance company took no part in the controversy, and alleged that it was merely a trustee of the money and was willing to pay it, upon the surrender of the certificate, to the person or persons who might be adjudged by the court entitled thereto.

The Special Term found, as conclusions of law, that the plaintiff and her step-mother were joint and equal beneficiaries in the certificate and in the moneys and benefits secured thereby, and that each was entitled to have and receive one-half thereof. The General Term ordered the judgment entered thereon to be reversed and a new trial to be had. From that order the defendant, Mary E. Thomas, has brought this appeal, stipulating for judgment absolute against her if the order is affirmed.

In the application, which Thomas made for membership, he directed that, in case of his decease, all benefits to which he might be entitled from the company be paid to the plaintiff. In the certificate of membership, subsequently issued, it is declared to be subject to the conditions set forth in the application for membership, and to the laws of the order governing the relief fund, out of which it was to be paid, and the certificate was to be in force, and the rights and privileges of membership of the order continue, so long as the member should comply with the constitution, laws and regulations adopted for its government. Under the by-laws of the order, each member was required to enter upon his application the name of the person to whom he desired the benefit to be paid in case of death, " subject, however, to such future disposal of the benefit as the member may thereafter direct," and which shall be entered in the relief fund certificate according to such direction ; and a member in good standing might at any time surrender his relief fund certificate, and a new certificate would be issued payable to such person as the member might direct, upon payment of a fee of fifty cents.

The case does not disclose any other provision, either of the constitution or by-laws of the order which it is material to consider. Upon these facts, it must be held that there was no valid change of the beneficiary named in the original application and certificate of membership, and that the plaintiff is entitled to the entire benefit fund. The application, certificate and by-laws of the order constitute the entire contract between the parties, and while the insured reserved the power to change the beneficiary, that power must be executed in the

way prescribed in the contract. The beneficiary could not be changed secretly and without the consent of the order. The agreement of the defendant corporation was to pay the whole sum to the plaintiff, unless the insured directed it to pay to some other person and surrendered his certificate and received a new certificate in which the name of the new beneficiary must be entered according to his direction.

The corporation had no knowledge of the attempt on the part of the insured to designate his wife as one of the recipients of the benefit fund, never assented thereto, and there never was any compliance with its by-laws in this respect. It was, therefore, under no legal liability to pay Mrs. Thomas any part of the moneys due upon the certificate, and without such liability she cannot succeed in her contention.

Undoubtedly the insured in this case acted in good faith and from the best of motives. His changed domestic relations made it eminently proper for him to make some provision for his wife, and the equal division which he contemplated of the fund between her and his daughter was just and commendable. Very likely he believed that he had so far modified his first appointment of a beneficiary as to include his wife therein, and that if he had supposed that any action upon the part of the corporation was necessary, it would have been sought and obtained. But it is not a case where equity can interfere to remedy a defective execution of a power. (Bacon on Benefit Societies, §§ 240, 284 ; *Scott* v. *Provident Mut. R. Asso.*, 63 N. H. 556; *Knights of Honor* v. *Nairn*, 60 Mich. 44.) The insurance company did not in the life-time of the insured assent to the change of the beneficiary. Had it done so, and the original certificate been surrendered, the omission of any subsequent step might have been supplied. In *Luhrs* v. *Luhrs* (123 N. Y. 367), the insured had surrendered his certificate to the local lodge with directions to have a new certificate issued payable to another beneficiary, but the certificate had to be transmitted to the supreme lodge and a new certificate issued by it, and before this could be done the insured died. It was held that as every provision of the constitution

and by-laws had been complied with by the insured and the certificate surrendered to the local lodge in his life-time, and nothing remained to be done by the grand lodge except the formal issue of a new certificate, which it had no discretion to refuse, the old certificate was to be regarded as canceled, and the subsequent issue of the new certificate as directed related back to the time of the surrender of the original certificate to the local lodge. The case is cited by the appellant's counsel, but we cannot see how it aids her. That case turned upon the fact that there had been a literal compliance by the insured with all the requirements of the constitution and by-laws of the order, which regulated the exercise of his power to appoint a new beneficiary, which is entirely wanting here.

The order appealed from should be affirmed and judgment ordered for the plaintiff for the relief demanded in the complaint, with costs.

All concur.

Order affirmed and judgment accordingly.