COLLINS v. COLLINS.

(Supreme Court, Appellate Division, Second Department. May 24, 1898.)

INSURANCE—CHANGE OF BENEFICIARIES.

The constitution of a fraternal beneficiary association provided to whom payments should be made upon the death of a member, and also made provision for a designation of a beneficiary by the member, but there was no provision of any method for revoking a designation. After a certain member had designated his son as a beneficiary, the association issued a certificate of membership to the member, leaving the beneficiary's name blank, and the member filled it in with his wife's name. *Held*, that as, under Laws 1892, c. 690, § 238, the insured had a right to change the beneficiary at will, upon the consent of the association, "in the manner and form prescribed by its by-laws," the effect of omitting such provision was to leave the beneficiary free to revoke as he saw fit, but that, even if a consent were nec-

essary, it might be implied from the issuance of the blank certificate, and so his writing in his wife's name was a valid revocation of the former designation.

Appeal from Kings county court.

Action by John F. Collins against Mary Collins. From a judgment for defendant, plaintiff appeals. Reversed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ..

S. M. Gardenhire, for appellant.
James C. Cropsey, for respondent.

HATCH, J. This action was begun against Miles O'Reilly, as president of the Brooklyn Police Mutual Aid Association, to recover a sum claimed to be due from such association by virtue of the membership of Joseph Collins, plaintiff's father, therein. The father having died, the plaintiff claims as his beneficiary. Mary Collins having also made claim to the same fund, the association paid the money into court, and procured the substitution, by order of interpleader, of Mary Collins as the defendant in the action. It may be assumed that the designation of the plaintiff and his brother as beneficiaries of the fund, payable on the death of the father, was a valid designation, and constituted such persons such beneficiaries, and that John, as survivor, took the whole if the conditions remained unchanged.

It is well settled by numerous authorities that the certificate of membership and the constitution and by-laws constitute the contract of insurance; and the rights of all parties are to be determined thereby. In re Equitable Reserve Fund Life Ass'n, 131 N. Y. 354, 30 N. E. 114. The present case presents features of difference, in essential particulars, from any of the reported cases which have been called to our attention, or which have fallen under our observation. There is nothing in either the certificate of membership, or the constitution or the by-laws of the association, which provides any rule by which the revocation of a beneficiary is to be accomplished. The only provision which at all relates to this subject is found in section 14 of the constitution of the association. This section provides who are entitled to payment upon the death of a member. After naming the particular persons, of whom the widow stands first in order, is the clause:

"Any member may, however, designate to whom such payment shall be made, by a will or by a writing, signed and acknowledged by such member, and filed with the treasurer of the association."

It is to be observed that this provision only relates to designations. It does not, in terms or otherwise, pretend to make any rule for the revocation of a beneficiary, nor does it relate to that subject. By the terms of the statute (Laws 1892, c. 690, § 238), it is required that associations of this character shall permit a member to make change in beneficiary at any time, upon the consent of such association, "in the manner and form prescribed by its by-laws," subject to no other restriction. The designated beneficiary acquires no vested right, and the change is permitted to be

made without his consent. The terms of this statute confer the right upon the insured to change at will, subject only to the condition of consent by the association, as expressed in its by-laws. By making no provision upon this subject in the by-laws, the association cannot limit the right of the insured to change, for that right is absolute; and where no provision for consent of the association is made, as prescribed by the statute, the insured can make the change without such consent, for, by failing to require it, the association has waived such right, and left the insured to make it by any means which will accomplish that result. If, however, the fair construction of the statute be that consent must in some manner be given by the association, then such consent can be shown by any evidence or act sufficient either to show express assent or raise it by implication.

It appeared that when the association was first formed, and the deceased became a member, it issued no·certificates of membership, and his right was evidenced alone by his application for membership and the action of the association thereon. Subsequently, and on the 7th day of October, 1893, as the court found, the association adopted a resolution providing that each member be given a certificate of membership, signed by the president, secretary, and treasurer, such certificate to have the beneficiary's name therein; that, in pursuance of such resolution, a certificate of membership was thereafter issued to the deceased, signed by the president, secretary, and treasurer, with the name of the beneficiary left in blank. Thereafter, as the court has found, the deceased wrote the name of his wife, Mary Collins, in the blank space for the designation of the beneficiary, and delivered such certificate to the defendant; and she was in possession of the same at the time of the death. It is quite clear that the association did not assume to say that the beneficiary who had theretofore been named by the deceased should be the beneficiary named in the certificate; for otherwise, as the association knew who such beneficiaries were, if they had assumed that they were to continue they would have inserted such names; at least, it may be so assumed. This they did not do, however, and we are therefore justified in the assumption that the association itself intended that the member should fill in the name of his beneficiary. It is not necessary that we should hold that this constituted a designation, although such result might well follow and do no violence to the terms of the contract, as the resolution and certificate are but parts of it; and, when the association delivered such certificate in blank, it would strain no rule to say that they thereby authorized the deceased to fill it in with such name as he should choose. It is sufficient now to say that, however such fact may be, it is quite clear that as the certificate was to be retained by the member, and he was authorized by the statute to revoke his designation previously made, upon the consent of the association, such consent could readily be implied from the circumstances above noted, and the deceased was thereby permitted to revoke his former designation of a beneficiary, and the act of writing in the name of the defendant, and delivering it

to her, with the statement that she was entitled to the sum secured thereby, was sufficient for such purpose. Such act would have the effect of revoking the former designation, without regard to whether it was good as a designation of the defendant as a beneficiary.

The case in this respect resembles that of Cullin v. Knights of Maccabees, 77 Hun, 6, 28 N. Y. Supp. 276. The provision of the constitution in that case was:

"No transfer or assignment of a certificate will be binding on this association unless consent is given thereto by the supreme commander and supreme record keeper, and the surrender to this association of the certificate so transferred or assigned."

There was no provision, in the constitution or otherwise, which required consent to a revocation of the direction to pay to a former designated beneficiary; and the court held that, although the clause of the constitution was binding so far as to prevent a transfer and assignment of the certificate without consent, yet it was good as a revocation of the direction to pay to the prior designated beneficiary. This case has direct application, as here there was no provision of the constitution or by-laws or the certificate requiring a consent to effect a revocation, and therefore no such consent was necessary. But if it were otherwise, as before observed, consent would necessarily be implied by the act of the association in passing its resolution and delivering its certificate, properly executed, with the space left blank to write in the name of the beneficiary.

This conclusion clearly excludes the plaintiff from any participation as a beneficiary, however the matter be treated, as the effect of the revocation, assuming it to have been insufficient as a designation, had the effect of entitling the defendant to take the benefits secured by the membership; for when the revocation of the plaintiff was revoked, if no designation was made, the sum secured to be paid would, by the provision of the constitution (section 14), be payable to the wife. If it operated as a designation, it would also be payable to her. So that, in whatever light the matter be viewed, the defendant is shown to be entitled to take, to the exclusion of all other persons. Cullin v. Knights of Maccabees, supra. This view is not in conflict with any of the authorities relied upon by the court below, or the respondent upon this appeal. They were all cases like Thomas v. Thomas, 131 N. Y. 205, 30 N. E. 61, where the constitution and by-laws made provision, not only for designation, but also for revocation; and the rule applied was, as we have recognized here, that all of these instruments constitute the contract, and govern the rights of the parties. As we have already seen, there is a clear and manifest distinction between those cases and the present one.

The judgment of the county court should be reversed, and a new trial granted; costs to abide the event. All concur.