JOHN F. COLLINS, Respondent, *v.* MARY COLLINS, Appellant.

*Insurance — what constitutes the contract of a member with a mutual aid associa-*
*tion — delivery to a member of a certificate having the name of the beneficiary left*
*blank — when the action of the member in filling up the blank operates as a desig-*
*nation of a new beneficiary or as a revocation of the former designation.*

The certificate of membership and the constitution and by-laws of a mutual aid association constitute the contract of insurance, and the rights of all parties are to be determined thereby.

Upon becoming a member of a mutual aid association, Joseph Collins designated his sons as beneficiaries.   At the time he joined the association it issued no certificates of membership, but subsequently, in accordance with a resolution of the association, it delivered to Collins a certificate duly signed and with the

name of the beneficiary left blank.   In this blank Collins inserted the name of
his wife as beneficiary.

There was nothing in either the certificate of membership, the constitution or
by-laws of the association prescribing any rule by which the revocation of a
beneficiary was to be accomplished, other than a provision in the constitution
which, after naming the particular persons, of whom the widow stood first in
order, entitled to payment upon the death of a member, stated, " Any member
may, however, designate to whom such payment shall be made by a will or
· by a writing signed and acknowledged by such member and filed with the
treasurer of the association."

*Held,* that as Collins was a member authorized by section 238 of chapter 690 of
the Laws of 1892, to change his beneficiary with the consent of the mutual aid
association, the consent of the association to the change might be implied under
the circumstances;

That even if the attempted designation of the widow was not effectual as a desig-
nation, it was effectual as a revocation, the consent of the association being
unnecessary to the revocation of the designation of the beneficiary, and that in
the latter view the widow would be entitled to the insurance money under a
provision of the constitution providing that if no designation were made it
should be payable to the member's wife.

APPEAL by the defendant, Mary Collins, from a judgment of the
County Court of Kings county in favor of the plaintiff, entered in
the office of the clerk of the county of Kings on the 2d day of
December, 1897, upon the decision of the court rendered after a
trial before the court without a jury, adjudging that the plaintiff
recover from the defendant the sum of $980 and the interest
accrued thereon, now on deposit in the Hamilton Trust Com-
pany of the city of Brooklyn, pursuant to the order of inter-
pleader herein, and directing that the Hamilton Trust Company
of the city of Brooklyn pay over to the plaintiff, John F. Collins,
or to Jacob Brenner, his attorney, the said sum of $980, with all
accrued interest thereon.

*S. M. Gardenhire,* for the appellant.

*James C. Cropsey,* for the respondent.

HATCH, J.: ·

This action was begun against Miles O'Reilly, as president of the
Brooklyn Police Mutual Aid Association, to recover a sum claimed
to be due from such association by virtue of the membership of
Joseph Collins, his father, therein.   The father having died, the

plaintiff claims as his beneficiary. Mary Collins having also made claim to the same fund, the association paid the money into court, and procured the substitution, by order of interpleader, of Mary Collins as the defendant in the action. It may be assumed that the designation of the plaintiff and his brother as beneficiaries of the fund, payable on the death of the father, was a valid designation and constituted such persons such beneficiaries, and that John as survivor took the whole, if the conditions remained unchanged.

It is well settled by numerous authorities that the certificate of membership, and the constitution and by-laws, constitute the contract of insurance, and that the rights of all parties are to be determined thereby. (*Matter of Equitable Reserve Fund Life Association,* 131 N. Y. 354.) The present case presents features of difference, in essential particulars, from any of the reported cases which have been called to our attention, or which have fallen under our observation. There is nothing in either the certificate of membership or the constitution or the by-laws of the association, which provides any rule by which the revocation of a beneficiary is to be accomplished. The only provision which at all relates to this subject is found in section 14 of the constitution of the association. This section provides who are entitled to payment upon the death of a member. After naming the particular persons, of whom the widow stands first in order, is the clause : " Any member may, however, designate to whom such payment shall be made, by a will or by a writing, signed and acknowledged by such member, and filed with the treasurer of the association." It is to be observed that this provision only relates to designations ; it does not, in terms or otherwise, pretend to make any rule for the revocation of a beneficiary, nor does it relate to that subject. By the terms of the statute (Chap. 690, Laws of 1892, § 238) it is required that associations of this character shall permit a member to make change in beneficiary at any time, upon the consent of such association, " in the manner and form prescribed by its by-laws," subject to no other restriction. The designated beneficiary acquires no vested right, and the change is permitted to be made without his consent. The terms of this statute confer the right upon the insured to change at will, subject only to the condition of consent by the association, as expressed in its by-laws. By making no provision upon this subject in the by-laws, the association cannot

limit the right of the insured to change, for that right is absolute ; and where no provision for consent of the association is made, as prescribed by the statute, the insured can make the change without such consent, for by failing to require it the association has waived such right, and left the insured to make it by any means which will accomplish that result. If, however, the fair construction of the statute be that consent must in some manner be given by the association, then such consent can be shown by any evidence or act sufficient either to show express assent or to raise it by implication.

It appeared that when the association was first formed and the deceased became a member, it issued no certificates of membership, and that his right was evidenced alone by his application for membership and the action of the association thereon. Subsequently, and on the 7th day of October, 1893, as the court found, the association adopted a resolution providing that each member be given a certificate of membership, signed by the president, secretary and treasurer, such certificate to have the beneficiary's name therein ; that in pursuance of such resolution a certificate of membership was thereafter issued to the deceased, signed by the president, secretary and treasurer, with the name of the beneficiary left in blank. Thereafter, as the court has found, the deceased wrote the name of his wife, Mary Collins, in the blank space for the designation of the beneficiary, and delivered such certificate to the defendant ; and she was in possession of the same at the time of his death.

It is quite clear that the association did not assume to say that the beneficiary who had theretofore been named by the deceased should be the beneficiary named in the certificate ; for otherwise, as the association knew who such beneficiaries were, if they had assumed that they were to continue to be beneficiaries, it would have inserted such names ; at least it may be so assumed. This it did not do, however, and we are, therefore, justified in the assumption that the association itself intended that the member should fill in the name of his beneficiary. It is not necessary that we should hold that this constituted a designation, although such result might well follow and do no violence to the terms of the contract, as the resolution and certificate are but parts of it ; and when the association delivered such certificate in blank, it would strain no rule to say that they thereby authorized the deceased to fill it in with such name as he should choose. It is suf-

ficient now to say that, however such fact may be, it is quite clear that as the certificate was to be retained by the member, and he was authorized by the statute to revoke his designation previously made, upon the consent of the association, such consent could readily be implied from the circumstances above noted, and the deceased was thereby permitted to revoke his former designation of a beneficiary, and the act of writing in the name of the defendant and delivering it to her, with the statement that she was entitled to the sum secured thereby, was sufficient for such purpose. Such act would have the effect of revoking the former designation, without regard to whether it was good as a designation of the defendant as a beneficiary.

The case in this respect resembles that of *Cullin* v. *Knights of Maccabees* (77 Hun, 6). The provision of the constitution in that case was: "No transfer or assignment of a certificate will be binding on this association unless consent is given thereto by the Supreme Commander and Supreme Record Keeper, and the surrender to this association of the certificate so transferred or assigned." There was no provision, in the constitution or otherwise, which required consent to a revocation of the direction to pay to a former designated beneficiary, and the court held that although the clause of the constitution was binding so far as to prevent a transfer and assignment of the certificate without consent, yet no consent was necessary to a revocation of the direction to pay to the prior designated beneficiary. This case has direct application, as here there was no provision of the constitution or by-laws or the certificate requiring a consent to effect a revocation, and, therefore, no such consent was necessary. But if it were otherwise, as before observed, consent would necessarily be implied by the act of the association in passing its resolution and delivering its certificate, properly executed, with the space left blank to write in the name of the beneficiary.

This conclusion clearly excludes the plaintiff from any participation as a beneficiary, however the matter be treated, as the effect of the revocation, assuming it to have been insufficient as a designation, had the effect of entitling the defendant to take the benefits secured by the membership. For when the designation of the plaintiff as beneficiary was revoked, if no designation was made, the sum secured to

· be paid would, by the provision of the constitution (§ 14) be payable to the wife. If it operated as a designation, it would also be payable to her. So that in whatever light the matter be viewed, the defendant is shown to be entitled to take, to the exclusion of all other persons. (*Cullin* v. *Knights of Maccabees, supra.*) This view is not in conflict with any of the authorities relied upon by the court below or the respondent upon this appeal. They were all cases like *Thomas* v. *Thomas* (131 N. Y. 205), where the constitution and by-laws made provision, not only for designation, but also for revocation, and the rule applied was, as we have recognized here, that all of these instruments constitute the contract and govern the rights of the parties. As we have already seen, there is a clear and manifest distinction between those cases and the present one.

The judgment of the County Court should be reversed and a new trial granted, costs to abide the event.

All concurred.

Judgment of the County Court reversed and new trial granted, costs to abide the event.