(28 Misc. Rep. 681.)

### SMITH v. HARMAN et al.

(Supreme Court, Special Term, New York County. August, 1899.)

1. BENEFICIAL ASSOCIATION—CHANGING BENEFICIARY.

The execution of an instrument by a member of a mutual benefit insurance society, changing the beneficiary under his certificate, three days before his death, and while he was very low, will not be given effect, without proof that it was executed understandingly.

2. SAME—WAIVER OF INFORMALITIES.

A change in the beneficiary of a benefit certificate in a mutual benefit insurance society must be made in accordance with the by-laws of the society, and the society cannot waive any informalities after the rights of the beneficiaries have become fixed by the death of the insured.

Action by Ida S. Smith against Theodore Harman and others to determine the right to the proceeds of an insurance certificate. Judgment for plaintiff as to part of her claim.

John H. Corwin, for plaintiff.

Laurence G. Goodhart, for certain heirs.

Roger S. Baldwin, for George A. Kuhl.

RUSSELL, J. This action of interpleader was originally brought by the American Legion of Honor against the person claiming as ·designated beneficiary and the heirs of Andrew Herrmann to determine the ownership of the beneficial interest in a benefit certificate for $5,000 taken by the deceased, Andrew Herrmann, on the 16th day of December, 1882. In the original certificate, Margaretha Herrmann, the wife, was designated as the beneficiary; but she died in November, 1887, whereupon the deceased surrendered his certificate, and received a new one, naming Margaret Kuhl, daughter, as the beneficiary. On the 13th or 14th day of May, 1898, the daughter, Margaret Kuhl, died, and three days later Andrew Herrmann died. On the 14th of May, 1898, at a time when Andrew Herrmann was dying of cirrhosis of the liver, it is claimed that he executed by his mark a surrender of the benefit certificate, and a request for a new policy to his granddaughter, the plaintiff, Ida S. Smith, she being one of the two children of the deceased beneficiary, Margaret Kuhl; the insured having had eight children, five of whom died prior to his decease, each leaving children. The evidence of this mortuary disposition of what was a very considerable sum, to the parties in interest, is, under the testimony here presented, of an unsatisfactory character; being substantiated by one witness only, whose contradictory statements leave the fact sought to be proven not established in a manner free from doubt. But even if the fact of a mechanical execution of the writing on the 14th of May, 1898, is to be deemed proven, there is not sufficient in the circumstances attending that execution to justify this court in believing that the deceased, with free heart and comprehending intelligence, consciously and willingly meant, in favor of one granddaughter, to exclude his children and· the· rest of his grandchildren, including the brother of the claimant.

Another objection stands in the way of any recovery. The alleged designation of Mrs. Smith as a beneficiary was never recognized by

the American Legion of Honor, although the paper alleged to have been executed was forwarded to its home office, in Boston, before the death of the testator. This appears to be a case where the rules, called "laws," of the corporation, which was incorporated under the laws of the commonwealth of Massachusetts, control and guide the right to change the beneficiary, the form of the execution of any change of designation, and the persons to whom the benefit certificate shall be payable. Those rules, denominated as "laws," provide as follows:

"109. Applicant must enter upon the application the full name or names of beneficiaries, husband or wife, child, affianced husband, affianced wife, relatives, or person dependent upon the applicant, whom it is desired to make beneficiary. And when a benefit certificate shall have been issued, naming a beneficiary, as above provided, and thereafter all such beneficiaries have died, then the member holding such certificate, with the consent of the executive committee, and under such rules as it may prescribe, may surrender the certificate, and have another issued, naming such other person as beneficiary as said committee may approve."

"117. In the event of the death of one or more of the beneficiaries selected by the member, before the decease of such member, if no other or further disposition thereof be made by the member in accordance with the provisions of these by-laws, the benefit shall be paid in full to the surviving beneficiary or beneficiaries; each sharing pro rata, as provided in the benefit certificate.

"118. In the event of the death of all the beneficiaries selected by the member, before the decease of such member, if no other or further disposition thereof be made in accordance with the provisions of these by-laws, the benefit shall be paid to the widow and children of the member in equal shares; if none, then to the heirs of the deceased member; and, if no person or persons shall be entitled to receive such benefit, it shall revert to the benefit fund.

"119. Members in good standing may surrender their benefit certificates, and have new ones issued, subject to the provisions of these by-laws; such change to be made upon petition to the supreme secretary, signed by the member desiring to make the change, attested by the secretary under the seal of the council, in accordance with the form prescribed. Each petition shall fix the time when the change of beneficiary shall take effect, and when no time is stated such change shall take effect on the date of the delivery of the application for change to the secretary of the council: provided, if a member who may desire to change any beneficiary is unable to surrender the outstanding benefit certificate because of the possession and refusal to deliver the same by any beneficiary named therein, or because the same has been placed by the beneficiary beyond the member's control, or where the same cannot be obtained for surrender in order to effectuate such change in the manner herein provided, the member may accompany the petition for change of beneficiary with affidavits establishing such facts and circumstances, in which event, if the same be approved, as to form and efficiency, by the general counsel, the executive committee may authorize the issuance of a new benefit certificate to the beneficiary named in said petition. The issuing of such new benefit certificate shall cancel and render null and void any and all previous certificates issued to such member."

A form is also given under these laws by which such surrender of the certificate may be made, and a new certificate had, the execution of which is to be attested by the secretary of the council; and in the same section (120) it is provided as follows:

"No act of a subordinate council in the admission of any person to membership in this order, and no act of any member, done for the purpose of changing his or her beneficiary, shall be recognized by, or be deemed binding upon, the supreme council, or as entitling the person admitted, or the new beneficiary named, to any benefits from this order, unless such acts shall be in strict accordance with the provisions contained in these by-laws."

There is no doubt but that any one of these associations which is incorporated under the laws of the state of New York prior to the act of 1892 is governed by the provisions of chapter 175 of the Laws of 1883, under which the power to make by-laws governing the contract rights of the members was not reserved. But the deceased, Andrew Herrmann, became a member of this Massachusetts corporation under the laws of that corporation as adopted by it before his membership, and these laws formed a part of the contract. The scope of those laws in regard to a change of beneficiary is important to be considered in such a case as this, which well illustrates their reasonableness and force. This Legion of Honor is a benevolent association, and exercises a paternal interest in the designation of the beneficiary fund, and should have some wise discretionary power to say whether the proof of a change of beneficiary made by a dying man is acceptable or not, and whether such designation is made according to the rules within the beneficiary range of the objects of the order. It has, therefore, the privilege of saying what the form and manner of the designation of a beneficiary—especially one for the entire fund—shall be, and has the right to refuse assent in case the laws of the association are not observed. It will be observed that section 109 provides that, where all the beneficiaries have died, the consent and approval of the executive committee are essential, under the rules, to the surrender of the certificate, and the issuing of another to any beneficiary; and by section 118 the benefit shall be paid to the widow and children of the members in equal shares, or to the heirs, if a disposition is not made in accordance with the provisions of the by-laws. The surrender and request for a new certificate must be attested by the secretary of the council, and this provision is a substantial one, to avoid the doubts which may arise from the execution of a change in the benefits of a certificate by a dying man under the influence of possibly designing persons, and circumstances which raise a doubt as to the execution of the instrument or the intelligence of the person making the change. It is evident that the rules of the association have not been complied with in effecting any change after the death of the beneficiary, Margaret Kuhl. There is no doubt but that the Legion of Honor might waive any informality, and consent to a recognition of a beneficiary, provided the act of the insured was without doubt, and the supreme council assented to the waiver. But such recognition of the validity of the claim must be made before the rights of the beneficiaries are fixed by the death of the insured. The American Legion of Honor had no right to give away any of those rights. The act of commencing a suit by interpleader is simply a waiver of any defense which the Legion of Honor might have against a claim by the right person, and an illegal change of the beneficiary is in no manner a defense to the association to payment of that person, for its own laws provide where the money shall go in case of an ineffective attempt at such change. By this suit of interpleader the American Legion of Honor simply asks the court to determine which of the parties is entitled to the fund, and thus only recognizes the validity of the claim of some one to the money which it has paid into court. The theory, therefore, of the counsel for the substantial plaintiff, Mrs.

Smith, that the rules for a change of beneficiary are simply designed for the benefit of the association, and may be waived by it at any time, does not conform to the broader view of the purpose of those rules, and does not take into account the principle that incomplete attempts do not effect a change of right, when before complete execution the event occurs by which some one is absolutely entitled to the fund.    Sabin v. Phinney, 134 N. Y. 423, 31 N. E. 1087; Armstrong v. Warren, 83 Hun, 217, 31 N. Y. Supp. 665; Thomas v. Thomas, 131 N. Y. 205, 30 N. E. 61; Luhrs v. Luhrs, 123 N. Y. 367, 25 N. E. 388; Coyne v. Bowe, 23 App. Div. 261, 48 N. Y. Supp. 937; Moan v. Normile, 37 App. Div. 614, 56 N. Y. Supp. 339; Hellenberg v. District, 94 N. Y. 580.    It is significant, also, that the plaintiff herself has, since the death of Andrew Herrmann, and on the 5th day of October, 1898, obtained assignments from various of the heirs of her deceased grandfather, enhancing the share she would otherwise receive to three-eighths of the whole.    She must have had some doubt as to the merits of her claim to the whole, as the sole designated beneficiary, or she would not have recognized to some extent the validity of their claim as heirs under the rules of the order.

Let judgment go awarding to Ida S. Smith three-eighths of the fund, and the remaining five-eighths to the heirs as named in the stipulation of the parties, with costs of the defendants, not including Ida S. Smith, payable out of the entire fund.    Ordered accordingly.