ALICE B. EAGAN, Appellant, *v.* PETER EAGAN, Respondent.

*Mutual benefit insurance — a delivery of the certificate will not effect a change of beneficiary.*

A member of a mutual benefit insurance association delivered to his wife his membership certificate, in which his brother's name was inserted as the beneficiary, telling her that the insurance was for her and that if anything happened to him she was sure of the money. From this time until the death of the member, the certificate remained in the possession of the wife who, from time to time, gave to her husband from her own funds the money with which to pay his assessments and membership dues. The by-laws of the association, at the time the certificate was issued and at the time of the member's death, provided that the name of the person to whom the member desired the benefit paid should be inserted in the certificate "subject to such future disposal of the benefit among their dependants" as the member may direct. They further provided that "a member may at any time, when in good standing, surrender his certificate and have a new one issued payable to such beneficiary  *  *  * as he may direct, upon the payment of a certificate fee of fifty cents."

*Held,* that the delivery of the certificate to the wife vested in her no right or inter-est therein, and that the death benefit should be paid to the member's brother.

APPEAL by the plaintiff, Alice B. Eagan, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of New York on the 5th day of August, 1897, upon the decision of the court rendered after a trial at the New York Special Term dismissing the complaint upon the merits.

James Eagan, a brother of the defendant and the husband of the plaintiff in this action, became a member of the Mount Morris Council of the Catholic Benevolent Legion on the 19th day of February, 1885. By the certificate of membership issued to him the supreme council of the association agreed to pay out of its benefit fund to Peter Eagan, the defendant, a sum not exceeding $5,000, according to the provisions of law governing said fund, upon the death of said member in good standing, provided he should not have substituted another beneficiary or reduced the amount of his benefit certificate.

The by-laws of the legion at the time of issuing this certificate and at the time of the death of the insured member, provided that the name of the person to whom the member desired the benefit paid should be inserted in the certificate, " subject to such future disposal of the benefit among their dependants" as the member may direct; and also provided that "a member may at any time, when in good standing, surrender his certificate and have a new one issued payable to such beneficiary  *  *  *  as he may direct, upon the payment of a certificate fee of fifty cents."

The insured member, James Eagan, married the plaintiff in the year 1888 and died in the month of February, 1894, leaving the plaintiff, his widow, and one child surviving. About four months after his marriage to plaintiff the insured delivered the certificate of membership in said association to his wife, telling her as he did so that the insurance was for her ; that if anything happened to him she was sure of the money, and this statement was repeated, in substance, a few days before the member's death. From that time to the death of the insured the certificate remained in the possession of the plaintiff, and it appears that she from time to time gave to her husband, from her own funds, money to pay assessments and membership dues which accrued against the member under the certificate.

When James Eagan applied for membership he signed a written

application in which he directed, in case of his decease, all benefits to be paid to Peter Eagan, Jr., subject to future disposal of the benefit as he might direct in compliance with the laws of the legion, and Peter Eagan's name was inserted in the certificate as the beneficiary and so remained until the certificate was paid and surrendered. It is not claimed that any change in the beneficiary was in fact made, or that any application was made pursuant to the by-laws for a substitution of the name of the plaintiff; but it is claimed that the facts shown constitute an equitable assignment of the certificate and money to grow due thereon, and that the defendant held the fund paid to him upon the certificate in trust for the plaintiff and is estopped from asserting his ownership thereof; or that there was a valid gift of the certificate and the money secured to be paid thereby to the plaintiff, *causa mortis.*

The court below dismissed the complaint upon the merits, upon the ground that at the death of the member the person entitled to receive the benefit of the said certificate of insurance was Peter Eagan, the defendant, and that the plaintiff had no right or interest in the same or any part thereof, and judgment was entered accordingly. From such judgment the plaintiff appeals to this court.

*Andrew F. McNickle* and *John A. Straley,* for the appellant.

*Morris A. Tyng,* for the respondent.

Hatch, J.:

In principle this case cannot be distinguished from the doctrine laid down in *Thomas* v. *Thomas* (131 N. Y. 205); *Coyne* v. *Bowe* (23 App. Div. 261), and many others. These cases determine that the insured in a mutual benefit certificate of this character, has no vested right or interest in the amount secured to be paid by the certificate. The insured has the single right to designate and change the beneficiary named in the certificate. If untramelled by any extraneous circumstances, his right in this respect is absolute. It is the only right, however, of which he is possessed. It is also well settled that the certificate, and the constitution, laws and by-laws of the organization constitute the contract between the parties, and that their rights are to be determined thereby. (*Matter of Equitable Reserve Fund Life Assn.,* 131 N. Y. 354; *Collins* v. *Collins,* 30 App. Div. 341;

*Bird* v. *Mutual Union Assn.*, Id. 346; *People ex rel. Attorney-General* v. *Life & R. Assn.*, 150 N. Y. 94.)

Under the provisions of the present constitution and laws of this association, the insured was required to surrender his old certificate and procure the issuance of a new one, with the name of the new beneficiary therein before any change would be effected. There is no pretense that he did this, or that he attempted to do it. On the contrary, the certificate was never surrendered or any attempt made so to do. It was delivered to the wife, but under such delivery she took no right or interest therein, and could not do so, as there was no right or authority, under the contract, to make change of beneficiary in such form, and the insured could not change the contract or vest any interest therein by mere delivery of the certificate. Nothing which appears in *Luhrs* v. *Luhrs* (123 N. Y. 367) or *Manning* v. *Ancient Order of United Workmen* (86 Ky. 136) at all conflicts with the doctrine of the cases which we have cited. In both there was an attempt made to change the beneficiary. In the *Luhrs* case, as in the Kentucky case, every thing which the insured could do he had done to effect a change, and in all substantial particulars had complied with the rules which authorized him to make the change. All that remained to be done was solely to be performed by the organization; and as it subsequently did what the insured intended should be done, the change was held to have been effected. In the Kentucky case the insured had left his certificate with the subordinate lodge and could not comply with the rule of the organization requiring the request for change of beneficiary to be indorsed thereon; but the lodge to which he sent his letter had the certificate, and the insured had done all that he could do, except the payment of the fee of fifty cents. So far as the payment of that fee was concerned, it is so evidently for the benefit of the association, and it alone, that, having been acted upon, it was quite proper to hold that such requirement was waived, and no advantage could be taken from such failure by any person.

If that case should be construed as holding that the whole of the constitution and laws with respect to the method to be followed by the insured to effect a change in the beneficiary was solely for the benefit of the company, and might be waived by it, without regard to the rights of the beneficiary regularly designated, it is not in

harmony with the rule announced in the cases to which we have called attention. But, in any event, no act was done which makes the rule of these cases applicable to the facts of the present case. They are, consequently, not authorities in support of the appellant's contention.

It is also evident that the plaintiff acquired no rights by the surrender of the certificate to the defendant. She was not vested with the slightest property right, or other interest therein. The possession of the certificate gave her no right of enforcement of its provisions for her benefit. The right to receive the moneys secured to be paid by it was vested in the defendant immediately upon the death of the insured. This right could not be added to or taken away by the delivery or non-delivery of the certificate. So that there was no benefit that could, by any possibility, inure to the plaintiff by the delivery of the certificate, as she was wholly without interest in it or its proceeds.

It follows that the judgment should be affirmed, but without costs.

Van Brunt, P. J., Ingraham and McLaughlin, JJ., concurred.

Judgment affirmed, without costs.