Bertha Freund v. Bertha Freund, et al., Guardians, etc., and New York Life Insurance Company.

Gen. No. 11,400.

1. BENEFICIARY—*when change of, complete.* Where the assured prior to his death had done all that was required under his policy in order to effectuate a change of beneficiaries, and the insurer had consented to such change and given its consent, the change will be deemed to have been accomplished notwithstanding the formal act of making endorsement upon the policy had not been performed by the insurer.

Bill of interpleader. Appeal from the Superior Court of Cook County; the Hon. JESSE HOLDOM, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1903. Reversed and remanded. Opinion filed January 6, 1905.

Statement by the Court. In June, 1901, the New York Life Insurance Company issued its policy of insurance for $5,000 upon the life of Joseph Freund, now deceased, payable to Bertha Freund, his wife, appellant herein. Joseph Freund, the insured, died June 17, 1902.

The policy contains the following provision:

" The insured may at any time during the continuance of this policy, provided the policy is not then assigned, change the beneficiary or beneficiaries by written notice to the company at its home office accompanied by this policy, such change to take effect on the endorsement of the same upon the policy by the company."

In and by the law of New York it is provided that any member of such corporation or association has, with the consent of the corporation, the right to make a change in the beneficiary without the latter's consent. January 10, 1902, Joseph Freund changed the beneficiary, substituting his son, Karl Freund, in place of Bertha, his wife. He did

this by delivering the policy at the branch office of the insurance company in Chicago with a written notice of the change, and the notice and policy were by the branch office transmitted to the home office of the company in New York. The policy was subsequently returned to the insured with an endorsement of the change as of the date of the notice. January 22, 1902, the insured again changed the beneficiary in the same manner from the son, Karl Freund, back again to Bertha, the wife. May 16 following there was a third change, from Bertha to Karl again. June 16, 1902, the insured undertook to make a fourth change, from Karl back to Bertha, employing precisely the same method as before; that is, a written notice delivered at the branch office of the company in Chicago, together with the policy, to be transmitted to the home office in New York for endorsement of the change. The next day, June 17, 1902, before the notice and policy had been transmitted to New York by the branch office in Chicago, the insured, Joseph Freund, died. The policy and notice were forwarded June 19, 1902, two days after the death of the insured, and they were received at the home office June 21, 1902. In the meantime the company had been notified of the death of the insured, and did not endorse upon the policy the change of beneficiary.

The company filed a bill of interpleader in the Superior Court against Bertha Freund and the guardians of Karl Freund, and brought the money into court. The fund is claimed by Bertha and by the guardians of her son, Karl. The Superior Court held that the consent of the company indicated by the endorsement of the change of beneficiary upon the policy by the company was a necessary prerequisite, without which the change could not take effect, and a decree was entered finding that Karl Freund was the beneficiary, from which decree this appeal is prosecuted.

CASTLE, WILLIAMS & SMITH, for appellant; ARISTA B. WILLIAMS, of counsel.

MAX ROBINSON, for appellees.

Freund v. Freund.

MR. JUSTICE FREEMAN delivered the opinion of the court.

It is contended on the part of appellant that where the assured has a right to change the beneficiary under a life insurance policy, with the consent of the company, and does all that he is required to do, and all that is in his power to do, and dies before the change of beneficiary is consented to by the company, equity will declare the change complete and act as though the consent had been given. There is no doubt in this case and no dispute that the insured, Joseph Freund, had done before his death all that he was required to do or could do on his part to make effectual the change making appellant, his wife, the beneficiary. It is contended, however, on the part of the guardians, that actual consent of the company indicated by its endorsement on the policy in accordance with the provision of the clause quoted in the preceding statement, is essential to make the change effectual and that this consent not having been so given prior to the death of the insured the proposed change of beneficiary never took effect. It is conceded that equity would declare the change complete provided there remained nothing to be done by the company except to perform some purely ministerial duty which it had no discretion to refuse. In Fink v. Fink, 171 N. Y. 622, the court says that "mere intention to make a change is not enough, for the acts prescribed to carry the intention into effect are forms imposed upon the execution of the power and they must be observed or the change cannot be effected." Appellees insist that such a provision is to be strictly construed (Hotelmen's Mut. Ben. Ass'n v. Brown, 33 Fed. Rep. 11), and that under the laws of New York, *lex loci*, the actual consent of the insurance company was necessary, citing Joyce on Ins., sec. 756; Armstrong v. Warren, 83 Hun, 219; Thomas v. Thomas, 131 N. Y. 205. There is, however, a distinction of fact between the case at bar and cases like Fink v. Fink, *supra*. In that case the assured had mailed a letter which did not reach the association until after his death, requesting a change of beneficiary, thus making the postoffice department his agent; but the

case at bar is more nearly akin to Luhrs v. Luhrs, 123 N. Y., 367-373. The notice and policy were actually delivered by the insured before his death to the insurance company at its branch office in Chicago. There was nothing more required to be done by the assured to make the change effectual. There is testimony tending to show that the company had been accustomed to treat the change as accomplished when it received the notice with the policy for endorsement, simply making a record of the change and returning the policy to the insured; and it is insisted by counsel for appellant that what remained to be done by the company after receipt of the notice and policy were but ministerial acts; that the consent of the company had in fact been given in the policy itself by the terms of the provision relating thereto. In this view we are inclined to concur. The provision of the policy is that the insured "may at any time," while the policy continues in force and unassigned, change the beneficiary by a written notice to the company at its home office, accompanied by the policy. The change is to take effect upon its endorsement on the policy, but the consent of the company had been given beforehand and embodied in the foregoing provision, as part of the policy itself. The company appears to have treated its endorsement of the previous changes as a mere ministerial act. Forms were made out and furnished by the company, which the insured made use of. The notice read, " The beneficiary under the accompanying policy   *   *   * in accordance with the change of beneficiary clause thereof is hereby changed from," etc. The endorsement of a former change on the policy reads: " By written notice to the company the insured has changed the beneficiary of this policy to," etc. It is, we think, beyond reasonable question that the company acted upon the theory that its consent to changes had been previously given, and treated the change as effected by the act of the insured in giving notice and sending in the policy. The printed forms must be taken as expressing the understanding and intention of the company which prepared and furnished them. Highland

v. Highland, 109 Ill. 366. The assured having done all that was required of him to make appellant the beneficiary, and the company having given its consent, nothing remained to be done except the formal endorsement of the change on the policy. The insured died before this was done. In equity the change must be regarded as accomplished. Hall v. Allen, 75 Miss. 175–212, and cases there cited; A. & E. Ency. of L., vol. 3, 2nd ed., p. 999, note d.

For the reasons indicated the decree of the Superior Court must be reversed and the cause remanded for proceedings not inconsistent with the views herein expressed.

*Reversed and remanded.*