Knights of Columbus v. Rowe et al.

THE KNIGHTS OF COLUMBUS vs. THOMAS ROWE ET AL.

70 545
71 724

Third Judicial District, Bridgeport, April Term, 1898. ANDREWS, C. J.,
TORRANCE, BALDWIN, HAMERSLEY and HALL, Js.

The charter and laws of a fraternal association provided that death ben-
efits should be paid to such person or persons, belonging to the
immediate family of the deceased member, as he might designate,
and that in default of any designation the fund should go to those
members of such family, or to relatives, who were the decedent's
heirs at law. *Held* that this provision had reference to the condi-
tions existing at the death of the member.

An unmarried man living in his father's family became a member of
the plaintiff association, and in the certificate designated his father
as his beneficiary. Subsequently he married and lived with his wife
and newly born child apart from his father's family. While so liv-
ing he died without having changed the original designation of his
father as his beneficiary. *Held* that his wife and child constituted
his immediate family and were entitled to the fund.

[Argued April 26th—decided June 1st, 1898.]

BILL of interpleader, brought to the Superior Court in
New Haven County and tried to the court, *Prentice, J.;*
facts found and judgment rendered in favor of Annie E. and
Mary A. Rowe, and appeal by the defendant Thomas Rowe
for alleged errors in the rulings of the court. *No error.*

From the allegations of the complaint of the plaintiff, a
fraternal benevolent corporation, it appeared that David J.
Rowe died on the 11th day of December, 1885, and that at
the time of his death he was a member in good standing in
said corporation; that by its charter and laws it was under
obligation to pay $1,000 to the person entitled thereto upon
the death of the said member; that Thomas Rowe, the father
of the said member, and Annie E. Rowe, his widow, make
conflicting claims to said sum of money; and praying that
these parties be required to interplead and set forth their
respective claims, and that the court decide to which one
the plaintiff shall pay said sum. The parties appeared and
duly set forth their claims. Upon an order of the court to

that effect, Mary A. Rowe, an infant child of the said David J. Rowe, was made a party to the proceeding, and appeared by her mother, the said Annie E. Rowe. The court heard the parties, found the issue for the said Annie E. and Mary A. Rowe, and rendered judgment that the plaintiff recover out of said fund the sum of $50, its costs of suit, and the further sum of $50 for the services of its attorney, and that it pay to the said Annie E. Rowe and said Mary Alice Rowe, each, the sum of $450, out of the balance of said fund, and that upon making said payments it be discharged from further liability as to said fund.

The finding of facts is as follows: "1. In May, 1885, David J. Rowe, then in full life but now deceased, became a member of the plaintiff organization, and at that time in due form designated his father, the defendant Thomas Rowe, as the person to whom the aid provided for in the charter of said organization should be rendered in case of his death. 2. Said David J. Rowe at the time he became a member of said organization, in the application which he filed for such membership, agreed that he should be bound by its charter and by-laws then in force, or which should thereafter be enacted. 3. It did not appear that any by-laws had been passed by said organization regulating the payment of any demands, before the passage of the amendment to its charter in 1889. 4. At the time said David J. Rowe became a member of said organization he was about twenty years of age; he was unmarried, and lived at home with his parents, as he thereafter continued to do until his marriage in 1893. 5. During the spring of 1893 said David married the defendant, Annie E. Rowe. November 16th of that year a child, the defendant Mary Alice Rowe, was born to them. 6. Said David J. Rowe died December 11th, 1893, leaving said three defendants surviving. 7. Said David J. Rowe owned, subject to his mother's life use, an undivided one half interest in the house in which his said parents occupied the downstairs tenement. His sister, one Mrs. Cleary, owned the other half interest. 8. Just before said David's marriage his mother, the wife of the defendant Thomas Rowe, died.

9. After her death and David's marriage an unmarried daughter of the defendant Thomas Rowe, came to reside in his household as housekeeper, and took charge of it as her mother had done.    10. Thomas Rowe was the nominal head of said household, and contributed his earnings as a day laborer to its support, paying them over to his said daughter as received.    11. This daughter expended this money and the other household receipts as she pleased, and conducted the financial affairs of the household as its real manager and head.    12. Shortly after said David's marriage his wife came to live with him at his father's house, where their relation ever thereafter was solely that of boarders paying board. They had a separate room to themselves and ate at the family table.    13. Said David at the time of his marriage was, and for many years theretofore had been, and ever after during his life was, self-supporting, and in no way dependent on his father for support.    He was employed as an engineer upon the railroad, receiving good pay.    14. After his wife came to live with him at his father's, as aforesaid, said David regularly paid for himself and wife $5 a week board, besides making no claim for rent for the tenement.    His work called him away, so that he himself took few meals at the house. 15. November 14th, 1893, the defendant Annie E. Rowe, anticipating early confinement, went with her husband's consent to her mother's house to await that event, which followed two days later.    16. Before she was able to return her husband's last sickness began.    She did not again return to the house to live, but was with her husband as much as her condition would permit until his death.    17. Said Thomas Rowe never after his said son David's marriage in any way, directly or indirectly, supported or contributed to the support of said David, or of the latter's said wife or child. 18. Said Thomas Rowe, on the other hand, was never in whole or in part supported by or in need of support from his said son David.    19. The designation made by said David, as set out in paragraph one, was never thereafter changed, but now stands upon the books of said organization as originally made.

Upon the foregoing facts the defendant Thomas Rowe claimed and asked the court to find and rule: *First.* That said designation of the defendant Thomas Rowe, was not changed or invalidated either by the law of the plaintiff corporation, or by the marriage of the insured David J. Rowe, or by anything else. *Second.* That said Thomas Rowe was, both at the time of the designation of a beneficiary by said David J. Rowe and at the latter's death, a member of said David J. Rowe's immediate family, and as such was entitled to the benefit fund of $1,000.

The court did not find and rule as requested, but found and ruled that the defendants Annie E. Rowe and Mary Alice Rowe, and they alone, for some time prior to said David's decease and at the time of said decease, constituted the family of said David J. Rowe, within the meaning of the charter of the plaintiff corporation and the amendments thereto; and that said Thomas Rowe, at the time of said decease and for many months theretofore, was not a member of said David's family within the meaning of said charter; and therefore that the designation of a beneficiary originally made by said deceased as aforesaid had become void and of no effect at the time of said David's said decease, and rendered judgment as on file. Thomas Rowe appealed to this court.

*Philip J. Markley,* for the plaintiff (no brief).

*Robert K. Waller* and *Ernest Chadwick,* for the appellant (Thomas Rowe).

After the designation of the father, the charter of the company was amended, and in the amendment the power to name beneficiaries was expanded to take in relatives. The phrase "immediate family," as used in the amendment, includes father, mother, brother, sister, or child of a given person, or any one in short, who is but one step removed from that person. The amended charter has, however, no bearing on the present case. "An amendment to a constitution has a prospective operation." 3 Amer. & Eng. Ency. of Law

Knights of Columbus *v.* Rowe et al.

(2d ed.), 262. *Smith* v. *Lyons*, 44 Conn. 178; *Benton* v. *Brotherhood, etc.*, 146 Ill. 570. The marriage of the assured did not affect his father's right to the benefit fund. *Young Men's Mut. L. Asso.* v. *Harrison*, 23 Weekly Law Bul. 360; *Benton* v. *Brotherhood, etc., supra; West* v. *Grand Lodge, etc.*, 22 Or. 271; *Brooklyn, etc., Asso.* v. *Hanson*, 53 Hun, 149; *Penn., etc., Asso.* v. *Folmer*, 87 Pa. St. 133. David J. Rowe had a right to name his father beneficiary when he did; that is not disputed. Neither is it disputed that Thomas Rowe was of David J.'s family at the time of such designation. He had a right to assume that his father was always a member of his family; that the change of the charter of the plaintiff corporation did not have a retroactive effect and render his designation void; that his subsequent marriage had no effect on his father's rights to the benefit; that the plaintiff company was under contractual obligations to do as they had agreed; and, in a word, that nothing but his own formal and voluntary act could change the beneficiary.

*Walter C. Noyes*, for the appellees (Annie E. and Mary A. Rowe).

Upon his marriage David ceased to be a member of his father's family, as the word is used in the charter, and became the head of his own family; and thereby the designation of his father became of no effect and the fund in question became payable to said David's wife and child, as constituting his family. When the charter of the insurer names a certain class to whom the policy or fund may be made payable, only those belonging to that class may become beneficiaries. 3 Amer. & Eng. Ency. of Law (2d ed.), 961 and cases cited. It is equally well settled, in the case of mutual benefit certificates, that the beneficiary has no vested interest in such certificate until the death of the insured member, and that such rights as he does possess are subject to revocation at any time. *Supreme Conclave* v. *Cappella*, 41 Fed. Rep. 3; 3 Amer. & Eng. Ency. of Law, 990. It follows from these principles that when a person, who at the time of a designation, belongs to a prescribed class, ceases to belong

to such class, such designation becomes invalid. Aid which is to be rendered to a member's family upon his death, must be rendered to those who then compose such family, if the primary principle of these mutual societies is to be carried out. *Tyler* v. *Odd Fellows Asso.*, 145 Mass. 137; *Sanger* v. *Rothschild*, 123 N. Y. 577. It seems hardly possible, in view of the finding, to claim that the father, Thomas, was a member of David's family at the time of his death. It is found that "shortly after David's marriage, his wife came to live with him at his father's house, where their relation ever thereafter was solely that of boarders paying board." The word "family" has many different meanings. 2 Sto. Eq. (13th ed.) § 1065. See also *Cheshire* v. *Burlington*, 31 Conn. 329; *Elsey* v. *Odd Fellows Asso.*, 142 Mass. 224. The amendment of 1889 applies to the case. *Masonic Mut. Ben. Soc.* v. *Burkhart*, 110 Ind. 189; *Fugue* v. *St. Jos. So.*, 46 Vt. 362; *Borgards* v. *Mut. Ins. Co.*, 79 Mich. 440.

ANDREWS, C. J. By the Act incorporating the plaintiff (10 Special Laws, 927), and according to its laws in force at the date of the death of the said David J. Rowe, the plaintiff was obliged to pay, on the death of a member in good standing, $1,000 (1) to such person of his immediate family as the member should designate; (2) in default of an immediate family, then to such relative of the member as he should designate; (3) in default of any designation by the member, either within or outside of such family as above named, then such sum is to be paid to such family, or relative, who are heirs at law of the member, in the order above arranged.

At the time the said David J. Rowe became a member of the plaintiff corporation, he was a minor residing in, and was a member of, his father's family. At that time the designation of his father was strictly according to the laws of the plaintiff. At the time of his death his family was entirely changed. At that time his immediate family consisted only of his wife and child. *Wood* v. *Wood*, 63 Conn. 324. His father at that time was not a member of his immediate family. If the term "family" does not include an adult child living

apart from the parent, it certainly cannot include the father of the adult child so living apart from the parent, as a member of that child's family. The designation, therefore, of the father, was at that time void. The money belonged to his immediate family.

There is no error.

In this opinion the other judges concurred.