### SARAH J. LARKIN, administratrix, *vs*. KNIGHTS OF COLUMBUS.

Suffolk.    March 8, 1905. — April 5, 1905.

Present: KNOWLTON, C. J., LATHROP, BARKER, HAMMOND, & BRALEY, JJ.

*Fraternal Beneficiary Association.    Statute*, Construction.

The charter of a fraternal beneficiary association, incorporated by a special law of another State, contained a provision that the beneficiary of a certificate should be specified only in the following order, (a) such person or persons of the immediate family of the member as by him designated, (b) such persons, in default of such family, of the blood relatives of the member as by him designated, (c) in default of any designation by the member, "or out of the order named," aid should be rendered by the corporation to such family or relatives of such member, "in manner above named." A member, being unmarried and living apart from his father and other relatives, designated his father as beneficiary. Later he married, and his wife was a member of his family until his death. He made no change in the designation. On his death the corporation paid the amount due on the certificate to his widow under a rule of the order made to carry out provision (c) of the charter. *Held*, that the payment was lawful, the provision in the charter for payment by the corporation in case of a designation "out of the order named" applying to a designation which originally was permitted but which by reason of the member's marriage and the consequent change in his family was at the time of his death a designation out of the order named.

In the construction of a special charter granted by the legislature of another State, an interpretation made by the highest court of that State is entitled to great consideration if not absolutely conclusive on this court.

CONTRACT by the administratrix of the estate of James Larkin, late of New Bedford, on a benefit certificate for $1,000 issued by the defendant on the life of Thomas J. Larkin, late of New York, son of the plaintiff's intestate, alleged to have been payable to the plaintiff's intestate.    Writ dated May 9, 1904.

The Superior Court upon an agreed statement of facts gave judgment for the defendant; and the plaintiff appealed.

*W. Burns & J. F. Lynch*, for the plaintiff, submitted a brief.

*J. E. McConnell*, for the defendant.

KNOWLTON, C. J.    The question in this case is which of two claimants is entitled to the amount due from the defendant, a fraternal beneficiary society, under a benefit certificate issued to the son of the plaintiff's intestate.    The defendant was chartered

by a special law of Connecticut, and the statement of agreed facts shows that the purposes for which it was incorporated were,

" 1. Of rendering pecuniary aid to its members and beneficiaries of members, which said aid shall be exempt from attachment and execution while in possession or control of such corporation, members or beneficiaries, which said beneficiary shall be specified only in the following order, to wit:

" (a) To such person or persons of the immediate family of said member as by him designated.

" (b) To such person or persons in default of such family of the blood relatives of such member as by him designated.

" (c) In default of any designation by said member, or out of the order named, except by the permission of the board of directors or their successors, for cause shown, then said aid shall be rendered by said corporation to such family, or relatives who are heirs at law of such member, in manner above arranged, upon their proof of being of such family or such heirs at law."

These are the only portions of the charter which are before us. A law and rule of the order provides for the change of the beneficiary, which can be made only in accordance with the laws of the order. Another law and rule of the order provides that, if a member in good standing dies without having designated a beneficiary, or if " the designation of the beneficiary is contrary to the provisions of the charter, or the beneficiary designated has died, then the board of directors, upon the advice of the national advocate of the order, shall determine to whom said sum shall be paid; provided, however, that in all cases the beneficiaries shall not be in conflict with the provisions of the charter of the Knights of Columbus."

When the certificate was issued, the member was unmarried, and was living away from his father and his other relatives, so that there was no one who was of his immediate family within the meaning of provision (a). He therefore designated his father as his beneficiary under provision (b). Afterwards he married, and his wife was a member of his family until his death. No change was made in the designation. After his death the defendant, under the rule last quoted, paid the amount due under the certificate to his widow. The question is, whether

his father was entitled to it under the designation, or whether the corporation had a right to pay it to the widow.

The designation originally was proper according to the terms of the charter. After his marriage, while his wife was a member of his family, such a designation could not have been made. The precise question is, whether the words " out of the order named," in provision (c), apply to a designation which, by reason of a change in the family of the member, has ceased to be in the order named, or includes only cases in which the designation was " out of the order named " at the time when it was made.

In view of the purposes of most organizations of this kind, it has been held in some cases that the rights of claimants depend upon the status at the date of the member's death. *Tyler* v. *Odd Fellows' Relief Association,* 145 Mass. 134, 136. *Sargent* v. *Knights of Honor,* 158 Mass. 557. *Knights & Ladies of Honor* v. *Menkhausen,* 106 Ill. App. 665.

We think the words susceptible of an interpretation which sets aside the designation, if out of the order named when applied to the member's family as it is at the time of his death. The case of *Knights of Columbus* v. *Rowe,* 70 Conn. 545, is almost identical with this case, and it was there held, without any statement of the reason for this part of the decision, that the widow of the member was entitled to the benefit, instead of his father, who was designated as the beneficiary before the marriage. This construction of a statute of Connecticut by the Supreme Court of that State is entitled to great consideration, if it is not absolutely conclusive upon us. We are therefore of opinion that the payment to the widow was authorized by the charter.

*Judgment affirmed.*