### DAVIN v. DAVIN et al.

(Supreme Court, Appellate Division, First Department.   July 12, 1906.)

BENEFICIAL ASSOCIATIONS—BENEFICIARIES—QUALIFICATION—SOCIETY'S CHARTER.

A benefit certificate in a beneficial association provided that the society would pay to the beneficiary named, provided he was the lawful beneficiary of the member at the time of his death, a certain sum of money. The society's charter declared that its purpose was to render pecuniary aid to its members and beneficiaries in the following order: (a) To such person or persons of the immediate family of the member as by him designated; (b) to such person or persons, in default of such family, of the blood relatives of such member as by him designated; and (c) in default of any designation by the member, or out of the order named, to such family or relatives who are heirs at law, etc. At the time decedent became a member he was unmarried, and resided with his father, whom he named as his beneficiary, but prior to his death he married plaintiff, established a new family, and died without changing the beneficiary in his certificate. *Held*, that the relationship of the beneficiary to the member was to be determined at the time of the member's death, at which time his "immediate family," within section 1, subd. 1 (a) of the society's charter, consisted of his wife and his own household, so that she, and not the father named in the certificate, was entitled to the benefit.

Submission of Controversy on Agreed Facts Between Catherine Davin and Patrick Davin and Another. Judgment for plaintiff.

See 94 N. Y. Supp. 281.

Argued before PATTERSON, McLAUGHLIN, LAUGHLIN, and CLARKE, JJ.

W. Benton Crisp, for plaintiff.

John J. Kirby, for defendants.

PATTERSON, J.　The contest in this case is between two claimants to the proceeds of a benefit certificate issued by the defendant the Knights of Columbus on the 5th day of August, 1901, to one James J. Davin, who died on the 18th of June, 1904, leaving, him surviving, the plaintiff, his widow, and the defendant Patrick Davin, his father. The avails of the certificate were paid into court by the Knights of Columbus. It is what is known as a benefit certificate, and, after reciting that James J. Davin is a member of the Ave Maria Council No. 241 of the defendant society or organization, and that he had complied with the requirements of admission to membership in the insurance class of the Knights of Columbus, that corporate body "hereby promises and binds itself to pay to Patrick Davin, provided such person is the lawful beneficiary of said member at the time of his death, a sum not exceeding one thousand dollars, in accordance with and under the provisions of the laws of the order governing said payments, upon satisfactory evidence of the death of said member in the form and manner required by the laws of the order; provided, however, that said member at the time of his death is an insurance member of the order in good standing, and that this certificate shall not have been surrendered and another certificate issued." At the time of the death of James J. Davin, the certificate was outstanding and unsurrendered, no change ever having been made of a named beneficiary, and James J. Davin was a member in good standing of the society, which was and is a fraternal benefit corporation or society, organized under the laws of the state of Connecticut. It had a charter, the provisions of which were in force at the time of the death of James J. Davin. Subdivision 1 of section 1 of that charter declares the object and purpose of the society as follows:

"Of rendering pecuniary aid to its members and beneficiaries of members, which said aid shall be exempt from attachment and execution while in possession of control of such corporation, members, or beneficiaries, which said beneficiaries shall be specified only in the following order, to wit: (a) To such person or persons of the immediate family of said member as by him designated. (b) To such person or persons, in default of such family, of the blood relatives of such member as by him designated. (c) In default of any designation by said member, or out of the order named, except by permission of the board of directors or their successors, for cause shown, then such aid shall be rendered by said corporation to such family or relatives who are heirs at law of such member, in the manner above arranged, upon their proof of being such family or such heirs at law."

When the certificate was issued to James J. Davin, he was unmarried and living with his father. At that time the father was a person "of the immediate family" of the member, and as such was designated by him as beneficiary, within the meaning of paragraph (a) of subdivi-

sion 1 of section 1 of the charter of the society; but on the 24th of June, 1903, James J. Davin married Catherine Davin, the plaintiff, who was his lawful wife at the time of his death. On his marriage James J. Davin ceased to reside with his father, and maintained a separate residence with his wife, and so lived apart from his father until his death. By his marriage and the establishment of a separate household he constituted a family for himself, and while in a general sense he and his father were still of the same family, yet his immediate family consisted of his wife and his own household. This meaning, we think, is to be ascribed to the term "immediate family" as used in the provision of the charter of the Knights of Columbus. It is not to be doubted that at the time the designation of Patrick Davin was made such designation was valid, and that the beneficiary named was a person of the immediate family of the member, and the question now arising is whether that designation has become displaced by the marriage of James J. Davin, and the right which his father otherwise would have had under the certificate has become devested and transferred to the widow as one of the immediate family of James J. Davin at the time of his death. The solution of this question depends upon the construction to be given to the provisions of the charter of the Knights of Columbus respecting the time at which the relationship of the beneficiary to the member of the organization is to be ascertained, and we are led to the conclusion that it must be at the time of the death of the member. It is stated in the certificate that the amount therein specified is payable to Patrick Davin, provided such person is the lawful beneficiary of said member at the time of his death. The word "lawful" as here used means according to the laws of the Knights of Columbus, and according to those laws it was necessary that Patrick Davin should be at the time of the member's death within the order of family relationship to the beneficiary mentioned in the subdivision of the charter above quoted. This view has been taken by the Supreme Court of Errors of the state of Connecticut in construing the law of its own state, under which the society issuing the certificate now before us was instituted. Knights of Columbus v. Rowe, 70 Conn. 545, 40 Atl. 451. In that case a son living in his father's family became a member of the Knights of Columbus, and in the certificate designated his father as the beneficiary. Subsequently the son married, and lived with his wife and a newly born child, apart from his father's family. The son died without changing the original designation of the father as beneficiary, and it was held that the provision that the death benefit should be paid to such person or persons belonging to the immediate family of the deceased member as he might designate, and that in default of any designation the funds should go to those members of such family or to relatives who are the decedent's heirs at law, had reference to conditions existing at the time of the death of the member; that the designation of the father was therefore void at the time of the son's death, and that the wife and child constituted his immediate family, who would be entitled to the fund. In Larkin v. Knights of Columbus, 188 Mass. 22, 73 N. E. 850, the same construction was given to the provisions of a certificate issued by this same society (the Knights of Columbus) in a case very

similar to the one at bar. There an unmarried man designated his father as beneficiary in the benefit certificate. He subsequently married, and lived with his wife until his death. He made no change in the designation, and on his death the corporation paid the amount due on the certificate to his widow. It was held that the payment was lawful, the provision in the charter for payment by the corporation in case of a designation "out of the order named" applying to a designation which originally was permitted, but which by reason of the member's marriage and the consequent change in his family was at the time of his death a designation out of the order named.

The court said:

"We think the words susceptible of an interpretation which sets aside the designation 'if out of the order named' when applied to the member's family as it is at the time of his death. The case of Knights of Columbus v. Rowe, 70 Conn. 545, 40 Atl. 451, is almost identical with this case, and it was there held, without any statement of the reason for this part of the decision, that the widow of the member was entitled to the benefit, instead of his father, who was designated as the beneficiary before the marriage."

And the court added that:

"This construction of a statute of Connecticut by the Supreme Court of that state is entitled to great consideration, if it is not absolutely conclusive upon us."

We think the two cases cited are clear authority in favor of the plaintiff's contention in the present action, and we find nothing in the decisions of the courts of this state contrary to them. We are therefore of the opinion that judgment on the submission should be rendered in favor of the plaintiff, declaring that she is entitled to the proceeds of the certificate paid into court, with costs against the defendant Patrick Davin only.

All concur.