KNIGHTS OF COLUMBUS *v.* McINERNEY.

1. LIFE INSURANCE—BENEFICIAL ASSOCIATIONS—BENEFICIARIES— WHO ELIGIBLE.

Under the charter of a beneficial association and the laws of Connecticut, the State of its domicile, benefits were payable only to some member of the immediate family of the member at the time of his death. An unmarried man became a member and accepted a certificate payable to his mother, provided that she was at the time of his death his lawful beneficiary under the charter, constitution, and laws of the order, and the laws of Connecticut. At the time of his death the member had a wife and children and his mother was not a member of his family. *Held*, that on the face of the contract, the mother was not entitled to the benefit.

2. COURTS—RULES OF DECISION—LAWS OF SISTER STATE—INTERPRETATION.

An interpretation by the highest court of another State of the laws of that State with respect to the charter, laws, and contracts of a beneficial association organized there, is binding upon the courts of this State as to the construction of a similar contract which by its terms is subject to those laws.

3. LIFE INSURANCE—BENEFICIAL ASSOCIATIONS—BENEFICIARIES— PAYMENT OF ASSESSMENTS—EFFECT.

The fact that a sister of a member of a beneficial association had been allowed to pay the assessments for several years, with the understanding and expectation on her part and that of the member's wife that his mother, the designated beneficiary, was the lawful beneficiary, whereas the widow and children were the legal beneficiaries, amounts only to payment under a mistake of fact, and does not entitle the mother to the benefit.

4. SAME—BENEFICIARIES—DESIGNATION OUT OF ORDER.

That the association had authority "for special" reasons to accept a designation out of order, did not require it to pay the fund to the member's mother, the designated beneficiary, where the member designated her at a time when he had no family of his own and made no further designation; since on his death the right to the fund vested in his heirs and the association was powerless to change those rights by any action it might take in favor of another.

5. RELEASE—LIFE INSURANCE—PROCEEDS OF POLICY—CONSIDERA-
   TION—NECESSITY.

> That the widow of a member of a beneficial association, with-
> out consideration, and supposing that her husband's mother,
> the designated beneficiary, was a legal beneficiary, and at
> the solicitation of the secretary of the association, whose
> officers hesitated to pay the mother, executed to the associa-
> tion a release of any claim to the benefit, could not affect
> the right of the widow and her children to the fund, where
> the association, which interpleaded the parties, did not act
> upon the release, made no claim under it, and retained the
> fund in its hands for payment to those lawfully entitled to it.

Cross appeals from Bay; Collins, J. Submitted Feb-
ruary 24, 1908. (Docket No. 137.) Decided July 13,
1908.

Bill of interpleader by the Knights of Columbus against
Margaret E. McInerney and Louise B. McInerney, per-
sonally, and as guardian ad litem of Paul B. and Ruth
M. McInerney, minors, to determine title to the proceeds
of a benefit certificate. From the decree rendered, de-
fendants appeal. Reversed, and decree entered for de-
fendant Louise.

*De Vere Hall*, for defendant Margaret McInerney.

*William J. Doyle* and *Gilbert W. Hand*, for defend-
ant Louise B. McInerney.

HOOKER, J. The complainant is a nonresident fra-
ternal beneficiary association, organized under the laws
of Connecticut. On April 16, 1899, Cornelius J. Mc-
Inerney was a member, and received a benefit certifi-
cate of that date for $1,000 payable, according to its terms,
to Margaret E. McInerney, his mother, *provided that
she was at the time of his death his lawful beneficiary,
under the charter, constitution, and laws of said or-
der, and the laws of the State of Connecticut.* At the
time said certificate was issued, the member was an un-
married man residing with his parents. Louise B. Mc-
Inerney is the widow, and Paul B. and Ruth M. McIn-

erney are the minor children, of Cornelius J. McInerney, deceased.   A dispute having arisen over the right to the fund due upon this certificate, complainant filed a bill of interpleader and this controversy is between the defendants thereto.   The learned circuit judge made a decree dividing the fund remaining, after payment of costs, between the mother, Margaret McInerney, and the children, in equal shares, and all of the defendants have appealed.

The mother bases her claim upon the fact that she was designated as beneficiary when the certificate was taken, and no other beneficiary has since been designated; the fact that for several years her daughter has paid the assessments, and the further fact that a release by Louise B. McInerney to the complainant of all her claims to the fund was given.   Louise B. McInerney, on behalf of herself and her children as heirs of the deceased, claims that in accordance with the laws of the order, the laws of Connecticut, and the terms of the contract itself, Margaret McInerney is not entitled to the fund, not having been a member of the family of her son at the time of his death, and that, according to the charter and laws of the order, she and her children are entitled to it.

The certificate provides:

" The Knights of Columbus hereby promises and binds itself to pay to Margaret E. McInerney, provided such person is the lawful beneficiary of said member at the time of his death, a sum not exceeding $1,000, in accordance with and under the provisions of the laws of the Knights of Columbus."

The charter in force during the life of the certificate provides the order in which beneficiaries shall be designated, as follows:

" Which said beneficiaries shall be specified only in the following order, to wit:

" (a) To such person or persons of the immediate family of said member as by him designated.

" (b) To such person or persons in default of such family of the blood relatives of such member as by him designated.

" (c) In default of any designation by said member or out of the order named, except by the permission of the board of directors or their successors for cause shown, then such aid shall be rendered by said corporation, to such family or relatives who are heirs at law of such member, in the manner above arranged."

The following laws of the order are applicable to this controversy:

"SEC. 38. The board of directors shall have full power and authority. * * *

"4. To determine to whom a death benefit shall be paid when non-beneficiary is designated; and, should a member in good standing die without having named and having had recorded in the books of the national secretary the name of any person or persons to whom the sum shall be paid, then to determine to whom said sum shall be paid, provided, however, that in all cases the beneficiaries shall not be in conflict with the provisions of the charter of the Knights of Columbus.

"SEC. 73. Upon the death of any member legally elected and in good standing at the time of his demise, the order of the Knights of Columbus shall pay to the beneficiary, person or persons named by the deceased prior to his death, and entered upon the books of the national secretary as the beneficiary, the person or persons to whom the death benefit shall be paid in case of his demise, such sum as the deceased may have been insured for, subject to the provisions of the preceding sections, and shall take duplicate receipts therefor, one of which the national treasurer shall retain and the other forward to the national secretary. * * *

"SEC. 78. Should a member in good standing die without having named and having had recorded in the books of the national secretary the name of any person or persons to whom said sum should be paid, or the designation of the beneficiary is contrary to the provisions of the charter, or the beneficiary designated has died, then the board of directors, upon the advice of the national advocate of the order, shall determine to whom said sum shall be paid; provided, however, that in all cases the beneficiaries shall not be in conflict with the provisions of the charter of the Knights of Columbus. * * *

"SEC. 80. A member desiring to change his beneficiary

shall give written notice and surrender his benefit certificate to the financial secretary of his council, directing that a new certificate be issued to him, payable to such beneficiary or beneficiaries as such member may designate in accordance with the laws of the order.

"SEC. 82. No officer, employé or agent of the order, or any council thereof, has the power, right or authority to waive any of the conditions upon which benefit certificates are issued, or to change, vary or waive any of the provisions of the constitution or laws. Each and every benefit certificate is issued only upon the conditions stated in and subject to the constitution and laws of the order."

The evident intent of the law of Connecticut is to secure to the immediate family of the beneficiary, at the time of his death, the benefit of financial aid generally necessary at such times. It endeavors to put it out of the power of the member to deprive his family of such aid, by means of a designation of others, by fixing the order of designation, and making payment contingent upon the continuance of the relation, and this design is emphasized by the contract, which contains a proviso that, to be entitled to payment, the proper relation must exist at the time of the death of the member. Plainly, on the face of the contract, the mother is not entitled to payment. A similar contract was construed in *Knights of Columbus* v. *Rowe*, 70 Conn. 545, a case closely resembling the present case, and it was held that the parent was not entitled to the fund, and that the widow and the infant were. This case interpreted the law of the State of Connecticut, which required the complainant to make contracts according to its terms, and we think where, as in this instance, the contract in terms is made subject to the law, i. e., charter, the construction of such law by the highest court of the State is conclusive here and we are bound to follow it, because it is the agreement of the parties, if for no other reason. The case of *Larkin* v. *Knights of Columbus*, 188 Mass. 22, is another similar case, where the same view hereinbefore expressed was entertained.

Some reasons are suggested for departing from the rule of the cases cited.

*Payment of Assessment.* It is claimed that a sister of deceased has been allowed to pay the assessment for some years, with the understanding and expectation on her part and that of the widow that the mother was a lawful beneficiary. There is nothing to show that such payment was more than this, and the widow is not, and certainly the infants are not, chargeable with any duplicity in the case. The sister simply paid money under a mistake of fact. It does not entitle her mother to the property of the widow and orphans, and the alleged equities in her favor are not conspicuously greater than those of her daughter-in-law and grandchildren, whose necessities are quite likely to be as urgent as her own. The record shows that her husband was not well off. But it is not a case in which necessity or apparent equity can be controlling. The question is one of legal rights.

Counsel assert that it was the duty of the complainant to pay the fund to the mother, they having authority, "for special" reasons, to accept a designation out of the order. There was no designation by the member after the first, and during his life the complainant did not act upon the subject. It was not asked to do so, and had it been, it could not have been compelled to do so. It is enough to say it did not. When the member died, the right to this fund vested in his heirs, and the complainant was powerless to change those rights by any action it might take in favor of another.

*Release by Widow.* The widow, without consideration, and supposing that the mother was a legal beneficiary, and at the solicitation of the secretary of the company, whose officers hesitated to pay to the mother, executed to it a release of any claim to the fund. We do not see that the release affects the question. The mother certainly secured no rights under it and lost nothing by it, and the complainant did not act upon it, and makes no claim under it. The fund is still in the hands of the complain-

ant, and it is willing to pay it to those lawfully entitled to it. We are of the opinion that the entire fund should be paid to the widow, one-third in her own right as heir and the remainder as guardian for the two children, each of them being entitled to half of the remaining two-thirds. Defendant Louise, in her own right and as guardian, is entitled to costs of both courts against defendant Margaret McInerney. The decree of the circuit court will be modified in accordance with this opinion, a new decree to be entered in this court.

GRANT, C. J., and MOORE, CARPENTER, and McALVAY, JJ., concurred.