# ROSE L. VANASEK v. WESTERN BOHEMIAN FRATERNAL ASSOCIATION and Another.[1]

June 27, 1913.

Nos. 18,155—(199).

**Fraternal insurance — designation of beneficiary — revocation.**

1. In a certificate of insurance in a fraternal benefit society, the father of the insured was designated as the beneficiary. Insured afterwards married. The rules of the association provided that the mortuary benefit could be only in favor of members of the family of the insured or blood relatives or mutually for husband and wife. *Held*, that the designation of the father as beneficiary was under the rules of the order legal at the time it was made, and would be legal if made after the marriage of the insured, and that the marriage did not operate to make the designation void or to substitute the wife as beneficiary.

**Change of beneficiary.**

2. The by-laws of the association provided the method by which the insured could effect a change of beneficiaries. The insured made no attempt to comply with any of the requirements of the by-laws in this respect. He did, some days before his death, deliver his certificate to his wife. He also at some time and to some person, but at what time and to what person does not appear, expressed a desire that his wife should have the proceeds of his insurance. *Held*, that there was no valid change in the beneficiary.

Action in the district court for Le Sueur county to recover $1,000 upon the benefit certificate of defendant association, known as the Zapadni Cesko-Bratrska Jednota, upon the life of Benjamin S. Vanasek. The case was tried upon stipulated facts before Morrison, J., who made findings and ordered judgment in favor of plaintiff. From an order granting the motion of Thomas F. Vanasek, intervener, for a new trial, plaintiff appealed. Affirmed.

*Francis J. Hanzel,* for appellant.

*M. R. Everett* and *Moonan & Moonan,* for respondent.

[1] Reported in 142 N. W. 334.

Note. — On the question of the effect of death of assured before contemplated change of beneficiary is complete, see note in 34 L.R.A.(N.S.) 277.

BUNN, J.

Plaintiff is the widow of Benjamin S. Vanasek, and brought this action to recover the amount of a benefit certificate insuring the life of the latter. Thomas F. Vanasek, the father of the insured, intervened in the action, claiming to be entitled to the insurance money as the beneficiary named in the certificate. Defendant Western Bohemian Fraternal Association deposited with the clerk of the court below the amount of the certificate, and the case was tried as between plaintiff and the intervener on an agreed statement of facts. The trial court rendered a decision in favor of plaintiff, but afterwards granted a new trial. Plaintiff appeals from this order.

The agreed facts as they bear upon the question in this case—that is, whether the widow or the father of the insured is entitled to the money—are as follows:

The certificate was issued by the Fraternal Association to Benjamin S. Vanasek, May 26, 1900. The insured was then 19 years of age and unmarried. His father, Thomas F. Vanasek, was designated as beneficiary in the certificate. November 1, 1909, the insured and plaintiff married. Benjamin had the certificate of insurance in his possession from May 26, 1900, to January 3, 1910, when he delivered it to plaintiff, who had it in her possession at the time of her husband's death on January 28, 1910, and thereafter until the amount was deposited in court. Prior to his death the insured "expressed his desire to have the beneficiary in said certificate changed and his wife, the plaintiff herein named as beneficiary therein," but when or to whom this desire was expressed does not appear.

The constitution of defendant order provided that every member might obtain an insurance upon his life, but that the "mortuary benefit, however, can be only in favor of members of his family, or blood relatives, or mutually for husband or wife, or persons dependent on the member."

The by-laws provided that a member who desires to change his beneficiary to "another person of his family, or relative," may do so, if in good standing, upon making an application for that purpose to his lodge and the return of his certificate; the application then to be mailed to the supreme secretary, upon which it is provided

that a new certificate will be issued with the change requested. The insured was required to pay a fee of 50 cents for the change.

The questions involved here are these:

(1) Under the laws and the constitution and by-laws of the order, did the marriage of the insured render null and void the designation of his father as the beneficiary, and substitute his wife?

(2) If not, did the act of the insured in delivering the certificate to his wife, coupled with his expression at some time and to some person of his desire to make her the beneficiary, operate as a matter of law to substitute her as the beneficiary?

1. The first question has never been decided in this state, but there is an abundance of authority elsewhere, and there appears to be no conflict. When the designation of a beneficiary made by the insured is one that could legally be made under the law and the rules of the order, and when it is still a legal designation under the conditions that exist at the time of the death of the insured, the marriage of the insured after the certificate is issued does not operate to revoke or make void the prior designation and substitute the wife as beneficiary. Massachusetts v. Callahan, 146 Mass. 391, 16 N. E. 14; Sheehan v. Journeymen, 142 Cal. 489, 76 Pac. 238; Highland v. Highland, 109 Ill. 366; Benton v. Brotherhood, 146 Ill. 570, 34 N. E. 939; Eagan v. Eagan, 58 App. Div. 253, 68 N. Y. Supp. 777; 29 Cyc. 124, and cases cited.

We have been cited to no case holding to the contrary and have found none. Where the law or the rules of the order provide that the marriage of a member shall operate to make void the prior designation, of course it has that effect. And where the first designation is one not permitted by the rules of the order, or where, though a legal designation when made, it becomes an illegal one when by reason of the marriage of the insured the former beneficiary is no longer in the class from which the insured would be permitted to select a beneficiary, the proceeds of the certificate will not go to the designated beneficiary, but will be given to the legal beneficiary at the time of death. Knights of Columbus v. Rowe, 70 Conn. 545, 40 Atl. 451; Larkin v. Knights of Columbus, 188 Mass. 22, 73 N. E. 850; Knights of Columbus v. McInerney, 153 Mich. 574, 117 N. W.

166, 126 Am. St. 541; Lister v. Lister, 73 Mo. App. 99; Davin v. Davin, 114 App. Div. 396, 99 N. Y. Supp. 1012. In the Rowe, Larkin, and Lister cases the charter of the association provided that the beneficiary should be specified only in the following order: (1) Members of the immediate family of the member; (2) blood relatives. It was held that this provision had reference to conditions as they existed at the time of the death, and that, the member having married and acquired a family of his own, his father or mother was no longer a member of his immediate family, and therefore the designation was illegal. In the McInerney case the certificate was payable to the mother of the insured, "provided that she was at his death his lawful beneficiary" under the laws of the order and of the state of Connecticut. Under such laws, insured having married, his mother was no longer his lawful beneficiary, and the widow and children were awarded the insurance. Sanger v. Rothschild, 123 N. Y. 577, 26 N. E. 3, is not in point. There the designation was illegal under the laws of the order as they existed at the time of the death, if not when the insured married. It was not the fact of marriage that revoked the prior designation, but the laws of the order.

It is urged that the last-mentioned cases are in point for plaintiff here. They clearly would be, if it could be held that, under the law and the rules of defendant association, the designation of the father as beneficiary was illegal at the time it was made, or would have been illegal if made after the marriage of the insured. It is strenuously argued that the rules of the association prescribe the order in which a member must select a beneficiary; that is, that he could not name a "blood relative" as beneficiary unless he had no "members of his family," and therefore that on his marriage, his father being no longer a member of his family, the designation became illegal. The difficulty with this proposition is that the constitution does not admit of such a construction. The language is that the benefit can only be in favor of "members of his family, or blood relatives, or mutually for husband or wife." It cannot be said under this language that a married man could not designate his father, mother, sister, or brother as his beneficiary, any more

than it could be said that he could not designate his wife, if he had children.    Unquestionably the constitution does not prescribe the order in which the beneficiary shall be specified, as did the charter of the Knights of Columbus in the Rowe and Larkin cases.    The insured was given his choice within the limits prescribed, and a. designation of any member of his family, any blood relative, or his wife, was permitted.    Nor is there any language in the constitution,. by-laws or certificate itself that can be construed as justifying a. conclusion that the designation of the father was void at the time it was made, or became void when the insured married.    The cases already cited fully bear out this view.

It is further contended that the designation was illegal because not in accord with the purposes of the association as expressed in its constitution.    The same contention has been made in other cases, and it is universally held that the legality of the designation must be determined from the law and the rules of the association relating to that matter, and is not controlled by the general statement of the purposes of the association.    Indeed, in the case at bar, we find nothing in the constitution or by-laws that indicates that the designation of a father or mother as beneficiary, in preference to a wife or child, would be contrary to the general purposes for which the association was formed.    But even if we could hold that the chief object of the society, as expressed in its constitution, was to furnish support to widows and orphans, still this would not make the designation of a father, mother, sister, or brother illegal. Some of the cases already cited bear directly upon this point.    See also Walter v. Hensel, 42 Minn. 204, 44 N. W. 57; Maneely v. Knights, 115 Pa. St. 305, 9 Atl. 41.

This is in no way contrary to the rule that, in determining who is entitled to receive benefits of a fund created by a society of the character of this association, it is the duty of the courts to construe the rules and regulations liberally to effect the benevolent purposes of the association, and in no case to construe them so as to defeat such purposes, unless their meaning is so clear and certain as to admit of no other construction.    Jewell v. Grand Lodge, A. O. U. W. 41 Minn. 405, 43 N. W. 88; Brown v. Balfour, 46 Minn. 68, 48 N. W.

604, 12 L.R.A. 373. This rule of construction, sound as it undoubt-edly is, has no effect when applied to this case, because the language defining who may be designated as beneficiaries will not admit of any other construction than the one we have given it.

We are obliged to hold that the marriage of the insured did not make void or annul the designation of his father as beneficiary.

2. Did the act of the insured in delivering the certificate to his wife, coupled with his expression at some time to some person of his desire to make her the beneficiary, operate to substitute her as beneficiary? That the father had no vested interest in the certificate prior to the insured's death, and that the insured alone had the right to change the beneficiary, is clear. Did he exercise this right? The by-laws of the association provide the method to be followed by a member who desires to change his beneficiary. He must make an application to his lodge, and return his certificate with a 50-cent fee. The application and certificate are sent to the supreme secretary, and a new certificate issued. It is clear that no attempt was made to comply with these provisions. The insured never applied to the local lodge, or to any officer, either in writing or orally, for a change of beneficiary. He did nothing except to express a desire that his wife should have the insurance money, and de-liver the certificate to her. It does not even appear that he told plaintiff that he wanted her to have the proceeds of the certificate; of course, plaintiff could not, under the statute, testify to such a declaration on the part of the insured.

There is a vast amount of authority on the question of what is necessary in order to effect a change of beneficiaries, and there is some conflict in the cases. Probably the leading case is Supreme Conclave v. Cappella (C. C.) 41 Fed. 1. In that case the aunt of the insured was named as beneficiary in the certificate. The certifi-cate was in her possession; the insured, five days before his death, made and delivered to the company a written request for a change in favor of his father, in the form prescribed by the by-laws, stating that he could not surrender the certificate because it was in posses-sion of the aunt. Before the new certificate was made out, the insured died. It was held that the father was entitled to the pro-

ceeds. In the able opinion of Judge Brown, afterwards Justice of the Supreme Court of the United States, it is laid down as the general rule that, in making a change of beneficiary, the insured is bound to do it in the manner pointed out by the policy and by-laws of the association. Three exceptions were recognized to the general rule:

(1) Where the society has waived strict compliance with its own rules, and in pursuance of a request of the insured has issued to him a new certificate in which the beneficiary is changed, the original beneficiary cannot complain that the course indicated by the regulations was not pursued.

(2) If it is beyond the power of the insured to comply literally with the regulations, a court of equity will treat the change as having been legally made. As an example of this exception a case is cited where the insured had lost his certificate and was thus unable to comply· with the requirement that it be surrendered.

(3) If the insured has pursued the course pointed out by the laws of the association, and has done all in his power to change the beneficiary, but before the new certificate is actually issued he dies, a court of equity will decree that to be done which ought to be done, and act as though the certificate had been issued.

The three exceptions thus stated in the Cappella case are, we think, generally recognized by the best courts, and we regard them sound. 29 Cyc. 133. But it is clear that the facts in the instant case do not bring it within any of these exceptions to the general rule that the rules of the society must be followed. In the Cappella case the court distinguishes the case of Ireland v. Ireland, 42 Hun (N. Y.) 212, in the fact that there the insured merely delivered the certificate to a friend, telling him that he wanted it changed, and says that "this was manifestly insufficient."

It is generally held that an unexecuted intent to substitute a new beneficiary is not equivalent to an actual substitution, even though the certificate is delivered to the person attempted to be substituted. McLaughlin v. McLaughlin, 104 Cal. 171, 37 Pac. 865, 43 Am. St. 83; Highland v. Highland, 109 Ill. 366; Eagan v. Eagan, 58 App. Div. 253, 68 N. Y. Supp. 777; and cases cited in 29

Cyc. p. 133. The case of Lockett v. Lockett, 26 Ky. Law. Rep. 300, 80 S. W. 1152, is the only one we have been able to find that lends any support to plaintiff's contention. That case is distinguishable in vital points from the instant case. In the Lockett case, the insured not only delivered the certificate to his wife with the declaration that he intended her to have the proceeds, but had declared his purpose to change the beneficiary to the secretary of the lodge, and had attempted to write him a letter asking the change, but was too ill to do so.

We are unable to hold that the acts of the insured in the case at bar were sufficient to effect a change of beneficiary. We regret the result, as it is probable that the widow has more need of the money than the father. But we are obliged to hold that the designation of the father as beneficiary was lawful, that the marriage of insured did not make the designation unlawful, or revoke it, and that the insured never did any acts towards changing the beneficiary that can be held in equity to effect such change.

Order affirmed.