## 14443. CHEEK *v.* RICE.

LUKE, J. 1. "In an ordinary life-insurance policy, where no power to change the beneficiary or to assign the policy is reserved to the insured therein, the issuance of the policy confers a vested right in the person so named as beneficiary, and the insured cannot transfer such interest to any other person without the consent of such beneficiary. *Perry* v. *Tweedy,* 128 *Ga.* 402 (57 S. E. 782, 119 Am. St. Rep. 393, 11 Ann. Cas. 46); *Roberts* v. *Northwestern Nat. L. Ins. Co.,* 143 *Ga.* 780 (85 S. E. 1043); Central Bank *v.* Hume, 128 U. S. 195 (9 Sup. Ct. 41, 32 L. ed. 370). The rule is different where a person who is a mere volunteer beneficiary is named in a certificate issued by a mutual benefit society upon the life of one of its members. *Royal Arcanum* v. *Riley,* 143 *Ga.* 75 (84 S. E. 428); *Dell* v. *Varnedoe,* 148 *Ga.* 91 (95 S. E. 977). It is also different where the insured names a beneficiary by revocable designation, thus expressly reserving the right to change the beneficiary,

*or where the insured reserves the right to assign the policy. In either event the insured may assign the policy. In such event the beneficiary acquires no vested right or interest in the policy."* (Italics ours.) *Farmers State Bank* v. *Kelley,* 155 *Ga.* 733 (118 S. E. 198, 199), and cases there cited.

2. Viewed in the light of the foregoing ruling of the Supreme Court, and of the provisions of the insurance policy which formed the basis of the instant suit, and the facts adduced upon the trial, the verdict in favor of the plaintiff is contrary to law and the evidence. It follows that the court erred in overruling the motion for a new trial.

*Judgment reversed. Broyles, C. J., and Bloodworth, J., concur.*
DECIDED OCTOBER 3, 1923.

Action for money had and received; from Franklin superior court — Judge W. L. Hodges. February 15, 1923.

*Russell & Chandler, Robert L. Russell,* for plaintiff in error.
*James H. & Emmett Skelton,* contra.