## SOUTHERN LUMBER CO. v. PEARCE.[*]
### No. 6483.

Circuit Court of Appeals, Fifth Circuit.
June 1, 1932.

Oliver D. Street, of Birmingham, Ala., and S. T. Wright, of Fayette, Ala., for appellant.

Jim C. Smith, of Birmingham, Ala., for appellee.

Before BRYAN, SIBLEY, and HUTCHESON, Circuit Judges.

HUTCHESON, Circuit Judge.

Mrs. Pearce, beneficiary in a life insurance policy for $5,000, brought this suit in a state court of Alabama against the New York Life Insurance Company to recover thereon. The cause removed to the federal court; the company, by way of interpleader in accordance with section 10386 of the statutes of Alabama (Code 1923), paid the amount sued for into court, suggesting that without collusion with it the Southern Lumber Company was a claimant for said sum. Mrs. Pearce and the lumber company each filing claim to the amount, one as beneficiary, the other as assignee, the case was tried to a jury. At the conclusion of the evidence, each moving for an instructed verdict, the court granted the motion of appellee. From the verdict and judgment against it, the lumber company appeals.

[*]For opinion denying rehearing, see — F.(2d) —.

There was no conflict in the evidence. Plaintiff offered the policy insuring the life of Ernest J. Pearce, and dated April 3, 1929, agreeing "to pay to Leola E., wife of the insured, the beneficiary, $5,000." It contained the following provisions pertinent to this suit.

"Assignment. Any assignment of this policy must be made in duplicate, and one copy filed with the Company at its Home Office. The Company assumes no responsibility for the validity of any assignment.

"Change of Beneficiary. The insured may from time to time change the beneficiary unless otherwise provided by indorsement on this policy, or unless there be an existing assignment of this policy. Every change of beneficiary must be made by written notice to the Company at its Home Office accompanied by the policy for indorsement of the change thereon by the Company, and unless so indorsed the change will not take effect.

"Register of Change of Beneficiary. No change of beneficiary shall take effect unless indorsed on this policy by the Company at the Home Office.

"Rights of Insured. The insured, during his lifetime, and without the consent of the beneficiary, may receive every benefit, exercise every right and enjoy every privilege conferred upon the insured by this policy, unless otherwise provided by indorsement hereon."

It was admitted that there was no indorsement on the policy limiting or abolishing the right to change the beneficiary, or restricting any right or privilege of the insured, and that no change of beneficiary or assignment of the policy was ever noted on it or filed with the company.

Defendant proved by one Alexander, a collector for the Southern Lumber Company, that in the month of June, 1930, Mr. Pearce, being then indebted to that company in the amount of around $10,000, and his account being in bad shape, had, in response to his request to put up some more security for his debt, told him he would put up a $5,000 insurance policy, and "I told him that would be all right: mail it to the office"; that some time later Mr. Pearce did place the policy in an envelope and mail it to the lumber company, in whose possession it has ever since been. After the receipt of the policy and until Pearce's death by his own hand, the lumber company carried on an insistent but fruitless campaign by correspondence with Pearce and with the insurance company, to procure from Pearce an assignment of the policy, for, though many letters were written and forms for his execution sent to him, he neither executed nor agreed to execute any of them.

On August 14 the company wrote Pearce as follows:

"We have a letter from the Southern Lumber Company of Fayette, Alabama, instructing us to send you assignment papers for assigning your above policy to them.

"As we are unable to determine from the information given in this letter whether you want to make a total assignment, or just of a collateral nature, we have not prepared the papers, but will do so upon receiving further information from you.

"As your policy now stands on our records, it is payable to Leola E. Pearce as beneficiary, and should you desire to make an assignment of a total nature, assigning all benefits to the Southern Lumber Company, then it is going to be necessary that you change the beneficiary to your estate. We are enclosing herewith change in beneficiary form, which you may sign in ink as 'Ernest J. Pearce,' having your signature witnessed, and return to us with the policy, if such is the case.

"On the other hand, should the assignment be of a collateral nature, and you want your wife to receive any proceeds of the policy, available over and above the indebtedness to the Lumber Company, then she should join in the assignment with you. In such a case you need not execute the change in beneficiary form, but return it to us with such advice.

"Upon receipt of this information from you, we will then send you assignment papers to be completed."

Some time later, the date not shown in the record, Pearce wrote the company:

"Dear Sir:

"I want to put this policy up as a collateral to Southern Lumber Company of Fayette Ala. for $5000 until I can pay them what I owe them. In reply to yours of Aug. 15, 1930."

On September 29 the company wrote Pearce as follows:

"We have your letter stating that you wish to put up as collateral your above numbered policy, in favor of the Southern Lumber Company. We therefore inclose a form changing beneficiary to your estate, which you should sign in ink in the presence of a witness, leaving the date at the top which we have inserted.

"We enclose an assignment in duplicate in favor of the Southern Lumber Company, wherein total assignment is made to the Lumber Company. This form is to be signed by you in the presence of a notary public, having him affix his seal to both copies.

"All papers should then be returned to us promptly with the policy for indorsement, and we urge you to give the case your earliest attention,"

—enclosing with the letter a form of assignment:

"Sept. 29, 1930.
"New York Life Insurance Company

"The beneficiary under the accompanying policy No. 10599860 who is to receive the proceeds thereof upon due proof of the death of the insured, is hereby changed in accordance with the Change of Beneficiary Clause to my executors, administrators or assigns, such change to take effect only when endorsed on said policy by the Company at the Home Office.

"_____         _____
      Witness                    Insured.

"For value received, I being of legal age, hereby assign and transfer unto Southern Lumber Company of Fayette Ala. the policy of insurance known as No. 10599860 issued by the New York Life Insurance Company upon the life of Ernest J. Pearce of Eutaw, Alabama, and all dividends, benefit and advantage to be had or derived therefrom, subject to the conditions of said policy and the rules and regulations of the company and to any indebtedness to the New York Life Insurance Company against said policy. Total assignment

"Witness ——— hand and seal this ——— day of ——— nineteen hundred ———."

Accompanying these forms were directions as to their execution, including the direction that the beneficiary, if any, should join in the assignment and a notice that the rules of the company require that assignments of policies issued by it shall be made in duplicate, both copies sent to the home office, one copy retained by the company, the other returned.

On October 15, just five days before his death, the lumber company, which had been constantly pressing Pearce to execute the proper papers, and the insurance company to obtain them from him, wrote Pearce without result:

"We are in receipt of a letter from the New York Life Insurance Company stating that you have not yet complied with the requirements regarding the assignment of your policy to us and as we are very anxious to get this matter consummated without further delay we are going to ask that you please comply with these requirements immediately."

Appellant argues here that, though there was neither change nor attempted change of beneficiary, and no compliance with the formalities required for an assignment of the policy, the record shows an intent to assign, and things done sufficient to make that intent effective; that the formalities required by the policy contract were for the benefit alone of the company, and may be and were waived by the act of the company in tendering the money into court—citing McDonald v. McDonald, 212 Ala. 137, 102 So. 38, 36 A. L. R. 761; Missouri State Life Ins. Co. v. Robertson Banking Co., 223 Ala. 13, 134 So. 25. Appellee replies that neither was an assignment in fact effected, nor could it have been; that, though the insured might have changed the beneficiary, until he did so he had nothing which he could assign—citing Anderson v. Broadstreet Nat. Bank, 90 N. J. Eq. 78, 105 A. 599; Johnson v. New York Life Ins. Co., 56 Colo. 178, 138 P. 414, L. R. A. 1916A, 868; Douglass v. Equitable Life Assur. Soc., 150 La. 519, 90 So. 834.

We do not find it necessary to decide whether, if the insured had actually made an assignment to the lumber company, it would have been effective as against the beneficiary, for we agree with appellee that no assignment was in fact made. The law of the case we think is plain and simple, and the facts are equally so. In McDonald v. McDonald, 212 Ala. 137, 102 So. 38, 41, 36 A. L. R. 767, it is said:

"The interest of the named beneficiary in a policy of insurance providing for a change of beneficiary at the will of the insured is a mere expectancy. The named beneficiary in such a policy has no vested interest during the life of the insured. * * * But the right of the named beneficiary, no change having been made in fact or legal effect, becomes fixed, vested, at the death of the insured, and it is freely conceded that such right cannot be affected by any subsequent acts of the insurance company. Payment of the fund into court, for the benefit of the party who may be declared to be entitled to it in no way improves or prejudices the legal position of either the original or substituted beneficiary as that position was at the death of the insured. [Modern Woodmen of America v.

Headle, 88 Vt. 37, 90 A. 893], L. R. A. 1915A, 580."

It is uniformly held that an unexecuted intent to assign is not an assignment, Brotherhood of Railway Trainmen v. Benson (D. C.) 45 F.(2d) 422, and that, though where it appears that the insured did both hold the intention to and did execute an assignment, though the execution was informal, equity will give effect to the fact thus accomplished by him, it is held everywhere that the formal requirements may be waived only where it appears beyond question that the insured not only had an intention to assign, but that he did everything which he was in a position to do to evidence that intention and give it effect. Supreme Conclave v. Cappella (C. C.) 41 F. 1; Brotherhood of Ry. Trainmen v. Benson (D. C.) 45 F.(2d) 421; Vanasek v. Bohemian Association, 122 Minn. 273, 142 N. W. 333, 49 L. R. A. (N. S.) 141; Ann. Cas. 1914D, 1123; French v. Provident Savings Life Assur. Society, 205 Mass. 424, 91 N. E. 577.

Here the whole record speaks to the contrary of the intention of the deceased to deprive his wife of her protection as beneficiary. He did agree to deposit the policy with the Southern Lumber Company as security for a past-due debt, and he did do so, but he did not agree to, and he never did, make an assignment of the policy. He did not agree to, and he never did, as he was advised by the insurance company it was necessary for him to do, have his wife join in the assignment, or change the beneficiary to his estate, so that he might make the assignment without her joining. In the face of the repeated demands that he make the assignment, he refused to do so, and, when furnished the forms which would definitely deprive his wife of her interest in the policy, he declined to execute them, answering the insistent demands of the lumber company that he do so by dying with the policy unchanged.

It may not be that this matter of assignment, which all of the parties to it, especially the lumber company, treated during the life of the insured as inchoate, unfinished, and in contemplation only, may after the death of the insured, without a change of beneficiary, or the execution of any papers signifying his irrevocable intent to assign, be converted into a fixed and completed transaction in the face of all of his actions, which speak the contrary.

We find no error in the judgment. It is affirmed.