## SOUTHERN LUMBER CO., Appellant, v. Leola E. PEARCE, Appellee.

### No. 6483.

Circuit Court of Appeals, Fifth Circuit.

Aug. 30, 1932.

For former opinion, see 59 F.(2d) 50.

Before BRYAN, SIBLEY, and HUTCHESON, Circuit Judges.

PER CURIAM.

The petition for rehearing in the above numbered and entitled cause is denied.

SIBLEY, Circuit Judge (dissenting).

As stated in the court's opinion: "He [Pearce] did agree to deposit the policy with the Southern Lumber Company as security for a past-due debt, and he did do so." (C. C. A.) 59 F.(2d) 50, 53. This delivery of the policy for the purpose of securing the

debt, although there was no new consideration and no written assignment, constituted a valid pledge both under the general law, 49 C. J. Pledges, §§ 28, 35, 49; 37 C. J. Life Insurance, § 134; and under the law of Alabama, McDonald v. McDonald, 215 Ala. 179, 110 So. 291, 293; Hicks v. Meadows, 193 Ala. 246, 69 So. 432; Keeble v. Jones, 187 Ala. 207, 65 So. 384; Jones v. Lowery Banking Co., 104 Ala. 252, 16 So. 11; Alabama State Bank v. Barnes, 82 Ala. 607, 2 So. 349. By Alabama law the title to any chose in action may be passed without a writing. Wells v. Cody, 112 Ala. 278, 20 So. 381, 384; Lee v. Wimberly, 102 Ala. 539, 15 So. 444, 448; Strickland & Co. v. Lesesne & Ladd, 160 Ala. 213, 49 So. 233. The beneficiary in this policy, being subject to change at the insured's will, had no vested interest, but was a mere appointee until insured's death, and could be defeated by the insured's either changing the beneficiary or otherwise validly disposing of the insurance during life. Supreme Council v. Behrend, 247 U. S. 394, 38 S. Ct. 522, 62 L. Ed. 1182, 1 A. L. R. 966; McDonald v. McDonald, 212 Ala. 137, 102 So. 38, 36 A. L. R. 761; Mutual Benefit Life Ins. Co. v. Swett (C. C. A.) 222 F. 200, Ann. Cas. 1917B, 298; Cheek v. Rice, 30 Ga. App. 779, 119 S. E. 465. The policy itself lays no restrictions on pledging it. The pledge was completed by the delivery of the policy on July 19th.

The effort instituted a month later by Southern Lumber Company to get a written assignment of the policy which was not executed by Pearce, apparently because it was general and not limited to the securing of the debt, did not undo the pledge, for possession of the policy was maintained at all times. The conduct of the parties thereabout could at most raise a question of fact as to whether the original delivery of the policy was really with intent to make a present pledge or was merely for the purpose of getting an appropriate assignment prepared which was never carried out. The written requests of each party that the jury be instructed that, if they believed the evidence, they should find for the one or the other, were not in form or effect requests for the court to find the facts under the rule in Beuttell v. Magone, 157 U. S. 154, 15 S. Ct. 566, 39 L. Ed. 654, and Williams v. Vreeland, 250 U. S. 295, 39 S. Ct. 438, 63 S. Ct. 989, 3 A. L. R. 1038. They left to the jury the important question as to whether the living witnesses, agents of one party, testifying against a dead man, were to be believed. But, if they were equivalent to motions to direct the verdict, the supplementary specific requests made by Southern Lumber Company to submit to the jury the question of a pledge bring the case within Empire State Cattle Co. v. Atchison, T. & S. F. R. Co., 210 U. S. 1, 28 S. Ct. 607, 52 L. Ed. 931, 15 Ann. Cas. 70; Sampliner v. Motion Picture Patents Co., 254 U. S. 233, 41 S. Ct. 79, 65 L. Ed. 240, and American Cyanamid Co. v. Wilson & Toomer Fertilizer Co. (C. C. A.) 51 F.(2d) 665, 666.

I think a verdict should not have been directed for Mrs. Pearce.