SOLOMON A. AXELRAD, Plaintiff, *v.* MAX AXELRAD, Defendant.

Supreme Court, Special Term, Queens County, May 21, 1943.

*Seymour J. Birnstein* for plaintiff.

*Milton E. Sahn* for defendant.

WENZEL, J. This is an action for a declaratory judgment. The plaintiff and the defendant are sons of Abraham Axelrad, who on the 21st day of June, 1935, transferred to them a certain cemetery plot in Mt. Hebron Cemetery by deed containing the provision: " Subject, however, to this specific restriction:— That the said plot shall and may be used by my sons above named Max Axelrad and Solomon A. Axelrad, for the sole and exclusive use of themselves and their immediate families and for no other person or persons whomsoever, except my wife, Celia Axelrad."

There are six available graves in the plot. Max Axelrad, the defendant, is married and has a wife and two children living;

the plaintiff Solomon A. Axelrad is unmarried. The plaintiff asks this court to decree (a) that he is entitled to three graves in said cemetery plot, and (b) that he has the right to bury his brother Louis Axelrad and the said brother's wife in said plot. Obviously he is not entitled to bury his brother and his brother's wife in this plot because it was not shown that under the decisions of this State they are members of his "immediate family." (*Davin* v. *Davin,* 114 App. Div. 396.)

As to the reservation of three graves in the said plot for the use of the plaintiff, this is clearly not the expressed intention of the deed nor can it be conceived to have been its spirit or the purpose of the grantor. The plaintiff and the defendant are each entitled to be buried in the plot. The four remaining graves are to be used by the members of their immediate families as the need for them arises. Thus it may be that all four graves may be used by the wife and children of either Solomon or Max. This is not unfair or inequitable because it applies to either brother, and the mere facts that the plaintiff is now unmarried, and that the present family of the defendant would take up more than one half of the graves in the plot, are not a consideration. It may be the plaintiff will marry and have children; it may be that the children of the defendant will choose to be buried with their offspring elsewhere, and that the plaintiff's immediate family will have the lion's share of the plot. In all events the words and intent of the deed are clear. Complaint dismissed.